STATE OF CONNECTICUT *v.* WILLIAM MORRIS
(AC 16144)

Foti, Lavery and Sullivan, Js.

Argued April 29—officially released July 14, 1998

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Carolyn K. Longstreth*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Dennis O'Connor*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant appeals from the judgment of conviction, following a jury trial, of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), two counts of risk of injury to a child in violation of General Statutes (Rev. to 1991)

§ 53-21, and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A).[1] The defendant claims that the trial court improperly (1) failed to vacate his conviction of sexual assault in the first degree because it was a lesser included offense of sexual assault in the second degree, (2) permitted the state to amend the information and (3) instructed the jury on the charge of risk of injury to a child.[2] The defendant also claims that his conviction of both risk of injury to a child and sexual assault in the fourth degree, based on a single act, constitutes multiple punishment for the same offense in violation of his constitutional right against double jeopardy. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The victim, a female child born on March 5, 1979, lived with her mother and stepfather. The defendant is the biological father of the victim. The defendant worked with the victim's stepfather and often drove him to and from work. Sometime between June, 1991, and March, 1992, the defendant was visiting at the home of the victim and had occasion to be alone with her. The defendant fondled the victim's breast, placing his hand both over and under her shirt. He told her that was what boys would do when she got older. The victim did not report the defendant's conduct at that time.

Approximately one to two weeks later, the defendant approached the victim while she was playing outside her home. He asked her to come closer, and when she did, he unzipped his pants, took out his penis and placed the victim's hand on it. He then put his hand inside the victim's pants and inserted his finger in her vagina.

---

[1] No verdict was returned on an additional count charging sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), as it merged into the count charging sexual assault in the first degree by the jury's verdict on that count.

[2] The defendant withdrew this claim on appeal during oral argument.

Shortly thereafter, he removed his finger and placed his penis against her pubic area. The victim was frightened and did not call out. The defendant asked her to sleep with him and said it would be all right because he could not impregnate her. He also told her she would get into trouble if she told anyone what he had done with her.[3]

I

The defendant first claims that his conviction of sexual assault in the first degree should have been vacated because under the statutes in effect at the time of the alleged sexual assault, sexual assault in the first degree is a lesser included offense of sexual assault in the second degree. He argues that the provisions of § 53a-70 (a) (2) prohibit sexual intercourse with a person under thirteen years of age and that because at the time of the alleged sexual assault, the provisions of General Statutes (Rev. to 1991) § 53a-71 (a) (1) prohibited sexual intercourse with a person under sixteen years of age, including a person under thirteen years of age, § 53a-71 (a) (1) clearly included within its provisions the crime envisioned by § 53a-70 (a) (2). In charging the defendant, the state's attorney charged in the alternative because the victim could have been either twelve or thirteen years of age when the crime occurred.[4]

---

[3] The victim testified that both of these incidents took place before March 5, 1992, her thirteenth birthday.

[4] The information provides in relevant part: "COUNT ONE: The undersigned Senior Assistant State's Attorney accuses the defendant, WILLIAM MORRIS, of the crime of SEXUAL ASSAULT IN THE FIRST DEGREE, and alleges that on a date between June 21, 1991, and March, 1992, in the evening hours, in a yard at 1416 Meriden-Waterbury Road, Southington, Connecticut, the defendant engaged in sexual intercourse, to wit, digital intercourse with the complainant, and the complainant was under thirteen (13) years of age, in violation of Connecticut General Statutes § 53a-70 (a) (2) (Revised to 1991).

"COUNT TWO: The undersigned Senior Assistant State's Attorney further accuses the defendant, WILLIAM MORRIS, of the crime of SEXUAL ASSAULT IN THE SECOND DEGREE, and alleges that on the same date

The defendant concedes that this claim was not properly preserved and seeks review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). A defendant can prevail on a claim of constitutional error not preserved at trial only by satisfying the four conditions of *Golding*.[5] Id., 239–40. We are free, however, to dispose of an unpreserved claim by focusing on the condition that appears most relevant under the circumstances of the case. *State* v. *Jenkins*, 40 Conn. App. 601, 604, 672 A.2d 969, cert. denied, 237 Conn. 918, 676 A.2d 1374 (1996).

"There is no fundamental constitutional right to a jury instruction on every lesser included offense; *State* v. *Whistnant*, 179 Conn. 576, 583, 427 A.2d 414 (1980); rather, the right to such an instruction is purely a matter of our common law. A defendant is entitled to an instruction on a lesser [included] offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which

as in Count One, at the same time as in Count One, at the same place as in Count One, the defendant, WILLIAM MORRIS, engaged in sexual intercourse, to wit, digital intercourse with the complainant, and the complainant was thirteen (13) years of age or older, but under sixteen (16) years of age, in violation of Connecticut General Statutes § 53a-71 (a) (1) (Revised to 1991)."

[5] The four conditions of *Golding* are as follows: "(1) [T]he record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 239–40.

differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser. Id., 588." (Internal quotation marks omitted.) *State* v. *Tomasko*, 238 Conn. 253, 260, 681 A.2d 922 (1996).

Because there is no fundamental constitutional right to a jury instruction on every lesser included offense, the defendant's claim fails to satisfy the second requirement of *Golding*.[6] We therefore do not review this claim.

## II

The defendant next claims that the trial court improperly allowed the state's attorney, during jury deliberations, to amend the information regarding the time of the offenses. The defendant claims that his case "is unique and readily distinguishable from the line of cases which find no prejudice resulting from an amendment which alters the alleged time of an offense after commencement of trial."

The facts relevant to this claim are as follows. Prior to trial, the defendant was charged by information with offenses committed between January, 1992, and March, 1992. During the course of the trial, the victim testified that both incidents occurred before her thirteenth birthday, which fell on March 5, 1992. There was, however, conflicting testimony on that point.

During its deliberations, the jury requested to have some testimony reread. Thereafter, the jury informed the court by note that it had found that the offenses did not take place within the time frame alleged in the information. The jury requested guidance from the court. Because the defense put forth by the defendant at trial was that the offenses had not occurred, the state

---

[6] In addition, the defendant's claim does not satisfy the third requirement of *Golding*.

requested that the jury be instructed that time was not an essential element. The court suggested that the state amend the information. The state agreed and the trial court overruled the defendant's objection, concluding that the amendment was proper pursuant to Practice Book § 624, now Practice Book (1998 Rev.) § 36-18, and that the defendant was not prejudiced by the amendment.

The state then amended the information to allege that the offenses occurred sometime between June 21, 1991, and March, 1992. The jury resumed its deliberations and subsequently declared itself deadlocked. After receiving further instructions from the court and having more testimony reread, the jury reached its verdict.

Once a trial has started, the prosecutor's broad authority to amend an information is constrained by the provisions of Practice Book § 624, now Practice Book (1998 Rev.) § 36-18.[7] *State* v. *Snead*, 41 Conn. App. 584, 590, 677 A.2d 446 (1996). "Practice Book § 624 is primarily a notice provision. Its purpose is to ensure that the defendant has adequate notice of the charges against which he must defend." *State* v. *Tanzella*, 226 Conn. 601, 608, 628 A.2d 973 (1993). It is the defendant's burden to "provide a specific showing of prejudice resulting from the state's delay in providing notice of the charge against which [he] must defend." *State* v. *Mazzetta*, 21 Conn. App. 431, 438, 574 A.2d 806, cert. denied, 216 Conn. 807, 580 A.2d 64 (1990). The sole limiting requirement under § 624, is that no additional

---

[7] Practice Book § 624, now Practice Book (1998 Rev.) § 36-18, provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant." For purposes of § 624, now § 36-18, a criminal trial begins with the voir dire of prospective jurors. *State* v. *Tanzella*, 226 Conn. 601, 608, 628 A.2d 973 (1993).

or different offense may be charged in an amendment, and no substantive rights of the defendant may be prejudiced by an amendment.

A trial court may, within its discretion, permit the state, after the trial has commenced, to amend the information to conform to the evidence, provided the defendant's due process rights are not prejudiced. *State* v. *Adams*, 38 Conn. App. 643, 649, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995). The trial court's decision to allow an amendment to the information to conform to the evidence is subject to reversal only for an abuse of discretion. *State* v. *Ramos*, 176 Conn. 275, 276, 407 A.2d 952 (1978).

We conclude that the defendant has not shown that the amended information prejudiced him or that the trial court's ruling was an abuse of discretion. The amendment was permissible under § 624, and it adequately notified the defendant of the charges against which he was required to defend.

### III

The defendant finally claims that to subject him to punishment for both risk of injury to a child and sexual assault in the fourth degree, for the single act of fondling the victim's breast, is a violation of his fifth amendment right against double jeopardy.[8]

The defendant concedes that in *State* v. *Perruccio*, 192 Conn. 154, 162, 471 A.2d 632, appeal dismissed, 469

---

[8] The state argues that the defendant did not raise a double jeopardy claim at trial and, therefore, that this claim is unpreserved. Our review of the record discloses that the defendant objected to the trial court's instructions as to the crime of risk of injury to a child. The defendant argued that the court's instructions required the jury, should it "find the defendant guilty of either sexual assault two or one on the first incident or sexual assault four on the second, [to] necessarily find him guilty of risk of injury to a [child]. So I object to that." We conclude, therefore, that the issue of double jeopardy was vaguely and impliedly raised by the defendant.

U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984), our Supreme Court found no double jeopardy bar to the conviction of a defendant at a single trial of both risk of injury to a child and sexual assault in the fourth degree on the basis of conduct identical to that alleged in this case, i.e., the touching of a female child's breast. The defendant also recognizes that that decision relied on the earlier case of *State* v. *McCall*, 187 Conn. 73, 91, 444 A.2d 896 (1982). The defendant argues that *Perruccio* and *McCall* may be distinguished from the present case because in those cases the defendants were each charged with risk of injury to a child in a nonspecific information, alleging the commission of an act likely to impair both the *health* and *morals* of a child. In this case, the information alleges only that the defendant committed an act likely to impair the *morals* of a child. The defendant claims, therefore, that to convict him of risk of injury to a child, the state was required to prove only that he touched the child's breast in a sexually indecent manner. The defendant argues that because the proof required to convict him of risk of injury to a child is identical to the proof required to satisfy the element of "sexual contact" found in the crime of sexual assault in the fourth degree, the two crimes constitute one offense for double jeopardy purposes. See *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).[9]

"The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall be subject for the same offense to be twice

---

[9] "The traditional approach to analyzing whether two offenses constitute the same offense was set forth in *Blockburger* [supra, 284 U.S. 304] as follows: [w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Internal quotation marks omitted.) *State* v. *Braswell*, 42 Conn. App. 264, 269 n.5, 679 A.2d 407 (1996), appeal dismissed, 243 Conn. 248, 701 A.2d 1057 (1997).

put in jeopardy of life or limb. This clause prohibits not only multiple trials for the same offense but also multiple punishment for the same offense. *Brown* v. *Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). *State* v. *John*, 210 Conn. 652, 693, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989).

"This constitutional provision applies to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 787, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); *State* v. *Woodson*, 227 Conn. 1, 7, 629 A.2d 386 (1993). Although the Connecticut constitution does not include a specific double jeopardy provision, the due process guarantee of article first, § 9, of our state constitution has been held to encompass protection against double jeopardy. *Kohlfuss* v. *Warden*, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962); see also *State* v. *Anderson*, 211 Conn. 18, 25 n.8, 557 A.2d 917 (1989).

"Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. . . . *State* v. *Greco*, 216 Conn. 282, 290–91, 579 A.2d 84 (1990)." (Internal quotation marks omitted.) *State* v. *Braswell*, 42 Conn. App. 264, 268–69, 679 A.2d 407 (1996), appeal dismissed, 243 Conn. 248, 701 A.2d 1057 (1997).

In analyzing whether the defendant's conviction of both risk of injury to a child and sexual assault in the fourth degree for the single act of fondling the victim's breast violates double jeopardy principles, we must focus "on the offenses and whether each offense requires proof of a fact that the other does not." (Internal quotation marks omitted.) *State* v. *Walton*, 227 Conn.

32, 53–54, 630 A.2d 990 (1993). Although the charges arise out of the same act, each offense requires proof of a fact that the other does not.[10] The offense of sexual assault in the fourth degree requires proof that the victim was under fifteen years of age, whereas the offense of risk of injury to a child requires proof that the victim was under the age of sixteen.[11] Additionally, the element of "sexual contact," included within the offense of sexual assault in the fourth degree, is not necessarily equivalent to the touching of the private parts of a child in a " 'sexual and indecent manner' "; *State* v. *Schriver*, 207 Conn. 456, 463, 542 A.2d 686 (1988); prohibited by the risk of injury to a child statute. The term "sexual contact" is defined as "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person . . . ." General Statutes § 53a-65 (3).[12] The mental state required for the offense of sexual assault in the fourth degree, therefore, is clearly different from that required for the offense of risk of injury to a child.

We conclude that under the *Blockburger* test, the offense of risk of injury to a child and the offense of

---

[10] General Statutes (Rev. to 1991) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

General Statutes (Rev. to 1991) § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

[11] See footnote 10.

[12] General Statutes § 53a-65 (3) provides: " 'Sexual contact' means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person or any contact of the intimate parts of the actor with a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person."

sexual assault in the fourth degree are not the same offense for double jeopardy purposes. Further, the defendant has provided us with no analysis of the legislature's intent that these two statutes should be treated as one for double jeopardy purposes, thereby failing to rebut the presumption under *Blockburger* that there are two crimes that may warrant two punishments. *State v. Nita*, 27 Conn. App. 103, 115–16, 604 A.2d 1322, cert. denied, 222 Conn. 903, 606 A.2d 1329, cert. denied, 506 U.S. 844, 113 S. Ct. 133, 121 L. Ed. 2d 86 (1992). We, therefore, conclude that there was no double jeopardy violation.

The judgment is affirmed.

In this opinion the other judges concurred.