## STATE OF CONNECTICUT *v.* ALVARO F.[1]
### (SC 18254)

Rogers, C. J., and Norcott, Katz, Vertefeuille and Zarella, Js.

---

[1] In accordance with our policy of protecting the privacy interests of victims of the crimes of sexual assault and risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

1

Argued January 12—officially released March 31, 2009

*Conrad Ost Seifert*, special public defender, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Jonathan C. Benedict*, state's attorney, and, on the brief, *Pamela Esposito*, assistant state's attorney, for the appellee (state).

*Opinion*

NORCOTT, J. The defendant, Alvaro F., appeals[2] from the judgment of the trial court, rendered after a jury trial, convicting him of two counts of sexual assault in the fourth degree in violation of General Statutes (Rev.

---

[2] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

to 2005) § 53a-73a (a) (1) (A)[3] and two counts of risk of injury to a child in violation of General Statutes (Rev. to 2005) § 53-21 (a) (2).[4] On appeal, the defendant claims that his conviction of, and punishment for, both crimes violated his federal and state constitutional rights against double jeopardy,[5] because the crimes of risk of injury to a child and sexual assault in the fourth degree constitute the same offense. We disagree and, accordingly, we affirm the judgment of the trial court.

The record reveals the following facts, which the jury reasonably could have found, and the relevant procedural history. On the evening of August 3, 2006, the defendant, the defendant's two stepdaughters, A, age ten, and AL, age seven, and the children's mother, E,

---

[3] General Statutes (Rev. to 2005) § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

We note that § 53a-73a (a) was subsequently revised in 2007. See Public Acts 2007, No. 07-143, § 2. Those amendments are not relevant to this appeal. Hereafter, unless otherwise indicated, all references to § 53a-73a (a) are to the 2005 revision.

[4] General Statutes (Rev. to 2005) § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

We note that § 53-21 (a) was subsequently revised in 2007. See Public Acts 2007, No. 07-143, § 4. Those amendments are not relevant to this appeal. Hereafter, unless otherwise indicated, all references to § 53-21 (a) are to the 2005 revision.

[5] "The fifth amendment to the United States constitution provides in relevant part: No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . . The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). Although the Connecticut constitution has no specific double jeopardy provision, we have held that the due process guarantees of [the Connecticut constitution] include protection against double jeopardy." (Internal quotation marks omitted.) *State* v. *Bletsch*, 281 Conn. 5, 27, 912 A.2d 992 (2007).

were sleeping in the family's living room, which was the only air conditioned room in their apartment. The defendant and E slept on a mattress on the floor, while the two children slept on a couch next to the mattress. At approximately 2 a.m., A awoke when she felt the defendant's hand inside her underwear, digitally probing her vaginal area. A attempted to get away from the defendant, but he prevented her from doing so by pushing her down on the couch. When the defendant finally stopped touching her, A went to her sister's room and fell asleep watching television.

Thereafter, A awoke again at approximately 6 a.m., when, for a second time, she felt the defendant's hand underneath her underwear, probing her vaginal area and attempting to penetrate her digitally. The defendant continued touching A in this manner until his cellular telephone rang, at which point he pulled up A's pajamas and left for work. Thereafter, A went into her bedroom and wrote a letter to E telling her what had happened, as she felt unable to express herself verbally regarding the events of the previous night. After reading the letter and discussing it with A the next morning, E called the police, and the defendant subsequently was arrested on his way home from work.

The state charged the defendant with two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2),[6] two counts of sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A) and two counts of risk of injury to a child in violation of § 53-21 (a) (2). The defendant was tried before a jury, which returned a verdict convicting him of two counts of sexual assault in the fourth degree and two counts

---

[6] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

of risk of injury to a child, but acquitting him of the two counts of sexual assault in the first degree.[7] This appeal followed.

On appeal, the defendant claims that his conviction of both sexual assault in the fourth degree and risk of injury to a child, for each of the two occasions on which he touched A's intimate parts, violated his constitutional protection against double jeopardy.[8] Specifically, the defendant contends that his conviction of and punishment for both crimes constituted multiple punishments for the same offense because the crime of sexual assault in the fourth degree does not require proof of a fact that risk of injury to a child does not. We disagree, and we conclude, therefore, that the defendant's double jeopardy claim is without merit.

"The fifth amendment to the United States constitution provides in relevant part: No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . . The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth

---

[7] The trial court sentenced the defendant to a total effective sentence of six years imprisonment and ten years probation. That court also ordered the defendant to submit to DNA testing and to register as a sex offender.

[8] The defendant concedes that his double jeopardy claim was not properly preserved at trial, but nevertheless seeks review of his claim under *State v. Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), in which this court stated "that a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." The state does not dispute that the first two prongs of the *Golding* test are satisfied, but, rather, contends that the defendant has failed to demonstrate that the alleged constitutional violation clearly exists under the third prong of the test. Because the record is adequate and his claim is of constitutional magnitude, we review the defendant's claim under *Golding*.

amendment. *Benton* v. *Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). Although the Connecticut constitution has no specific double jeopardy provision, we have held that the due process guarantees of [the Connecticut constitution] include protection against double jeopardy." (Internal quotation marks omitted.) *State* v. *Bletsch*, 281 Conn. 5, 27, 912 A.2d 992 (2007). We have further "recognized that the [d]ouble [j]eopardy [c]lause consists of several protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Internal quotation marks omitted.) Id. The last protection is at issue in the present case.

In determining whether a defendant has been placed in double jeopardy under the multiple punishments prong, we apply a two step process. "First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) *State* v. *Woodson*, 227 Conn. 1, 7, 629 A.2d 386 (1993). The parties in the present case do not dispute that each occasion on which the defendant sexually assaulted A constituted a separate and distinct act. Accordingly, our analysis focuses on the second prong of the test, namely, whether the defendant's conviction for both crimes with respect to each sexual assault violated the constitutional prohibition against double jeopardy because those crimes constitute the same offense. "The defendant on appeal bears the burden of proving that the prosecutions are for the same offense in law and fact." *State* v. *Snook*, 210 Conn. 244, 264, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989).

"Traditionally we have applied the [test set out in *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)] to determine whether two statutes criminalize the same offense . . . ." *State* v. *Kirsch*, 263 Conn. 390, 420, 820 A.2d 236 (2003). Under that test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States*, supra, 304. "This test is a technical one and examines only the statutes, charging instruments, and bill of particulars as opposed to the evidence presented at trial." (Internal quotation marks omitted.) *State* v. *Bletsch*, supra, 281 Conn. 27–28. Thus, "[t]he issue, though essentially constitutional, becomes one of statutory construction." (Internal quotation marks omitted.) *State* v. *Woodson*, supra, 227 Conn. 8–9.

Our courts have addressed the relationship between risk of injury to a child and the various degrees of sexual assault in the context of double jeopardy claims on several occasions, each time concluding that the two crimes do not constitute the same offense. In *State* v. *Bletsch*, supra, 281 Conn. 28–29, for example, we recently concluded that, under the charging instruments in that case, the crimes of sexual assault in the second degree under General Statutes § 53a-71 (a), and risk of injury to a child under § 53-21 (a) (2), do not constitute the same offense for double jeopardy purposes because the language of the statutes makes it possible to have "sexual intercourse" under § 53a-71 (a) without touching the victim's "intimate parts" under § 53-21 (a) (2), and vice versa. See also *State* v. *Ellison*, 79 Conn. App. 591, 602, 830 A.2d 812 (concluding that §§ 53-21 [a] [2] and 53a-71 [a] do not constitute same offense because sexual assault in second degree does not require contact to be "in a sexual and indecent

manner likely to impair the health or morals of such child" [internal quotation marks omitted]), cert. denied, 267 Conn. 901, 838 A.2d 211 (2003). Similarly, the Appellate Court in *State* v. *Morris*, 49 Conn. App. 409, 419, 716 A.2d 897, cert. denied, 247 Conn. 904, 720 A.2d 516 (1998), concluded that risk of injury to a child under General Statutes (Rev. to 1991) § 53-21[9] did not constitute the same offense as sexual assault in the fourth degree because the two crimes have different age requirements, and because the "sexual contact" requirement under § 53a-73a (a) requires a different mental state than the " 'sexual and indecent manner' " requirement of § 53-21. See also *State* v. *Perruccio*, 192 Conn. 154, 162, 471 A.2d 632 (double jeopardy claim failed because "sexual assault in the fourth degree and risk of injury [to a child] each require proof of an element not required by the other"), appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984).

The defendant contends, however, that these cases, and others like them,[10] are distinguishable from the

_____

[9] General Statutes (Rev. to 1991) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[10] See, e.g., *State* v. *James*, 211 Conn. 555, 586–87, 560 A.2d 426 (1989) (pre-1995 risk of injury to child statute not same offense as either sexual assault in second degree or sexual assault in fourth degree); *State* v. *McCall*, 187 Conn. 73, 91, 444 A.2d 896 (1982) ("[Pre-1995] risk of injury [to a child] and sexual assault in the second degree do not stand in the relation of greater to lesser included offenses. Each requires proof of an element not required by the other."); *State* v. *Anderson*, 86 Conn. App. 854, 870, 864 A.2d 35 ("[c]onvictions for both sexual assault and risk of injury to a child do not violate the constitutional prohibition against double jeopardy, as each crime requires the state to prove an element that the other does not"), cert. denied, 273 Conn. 924, 871 A.2d 1031 (2005); *State* v. *Rivera*, 84 Conn. App. 245, 249, 864 A.2d 35 (same), cert. denied, 271 Conn. 934, 861 A.2d 511 (2004); *State* v. *Peters*, 40 Conn. App. 805, 828–29, 673 A.2d 1158 (pre-1995 risk of injury to child and sexual assault in third degree do not constitute same offense under *Blockburger*), cert. denied, 237 Conn. 925, 677 A.2d 949

present case because they did not involve the same combination of statutory offenses that are implicated here, namely, the applicable revision of risk of injury to a child under § 53-21 (a) (2), which includes a specific prohibition against "contact with the intimate parts . . . of a child . . . in a sexual and indecent manner" that was not included in prior revisions of the statute, and sexual assault in the *fourth* degree. More specifically, the original version of § 53-21 prohibited only general conduct that was likely to endanger the health or morals of a child under the age of sixteen. See footnote 9 of this opinion. The more specific sexually oriented language of subdivision (2), at issue here, was not added to the statute until 1995. See Public Acts 1995, No. 95-142, § 1. Accordingly, the defendant contends that prior cases discussing previous revisions of the risk of injury to a child statute or other degrees of sexual assault that do not prohibit the same "sexual contact" as is prohibited under § 53a-73a (a) (1) (A) are not relevant here, because it is the specific addition of the sexually oriented language in § 53-21 (a) (2) that subsumed within it the "sexual contact" already prohibited under § 53a-73a (a) (1) (A), thereby giving rise to the defendant's double jeopardy claim. Although we agree that those cases are factually distinguishable, we nevertheless conclude that their rationales are applicable here.[11]

---

(1996); *State* v. *Hayes*, 20 Conn. App. 737, 754, 570 A.2d 716 ("[pre-1995] risk of injury to a child and sexual assault in the first degree are separate offenses under *Blockburger*, because each requires proof of an element that the other does not"), cert. denied, 215 Conn. 802, 574 A.2d 218 (1990).

[11] Moreover, the defendant's attempt to distinguish prior case law on this issue fails to address a recent Appellate Court decision, *State* v. *Stephen O.*, 106 Conn. App. 717, 943 A.2d 477, cert. denied, 287 Conn. 916, 951 A.2d 568 (2008), which was published one week after the defendant filed his brief with this court. In that case, the Appellate Court addressed the same question as is presented here, namely, whether §§ 53-21 (a) (2) and 53a-73a (a) (1) (A) constitute the same offense for double jeopardy purposes. See id., 734–35 (concluding that current revision of risk of injury to child statute and sexual assault in fourth degree do not constitute same offense because of differing age and specific intent requirements).

The defendant in the present case was charged in counts three and five of the amended information with, respectively, risk of injury to a child in violation of § 53-21 (a) (2) and sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A) in connection with the incident that occurred at 2 a.m., and in counts four and six, respectively, with the same crimes in connection with the incident that occurred at 6 a.m. Even a cursory review of the statutory language of these crimes indicates that each offense requires proof of a fact that the other does not. "To convict the defendant of risk of injury to a child under § 53-21 [a] (2), the state must prove that (1) the defendant had contact with the intimate parts of, or subjected to contact with his intimate parts, (2) a child under the age of sixteen years, (3) in a sexually and indecent manner likely to impair the health or morals of such child." *State* v. *Bletsch*, supra, 281 Conn. 28. By contrast, to convict the defendant of sexual assault in the fourth degree under General Statutes (Rev. to 2005) § 53a-73a (a) (1) (A), the state must prove that (1) the defendant intentionally subjected, (2) a person under the age of fifteen years, (3) to sexual contact. The term " '[s]exual contact' " for the purposes of § 53a-73a is further defined as "any contact with the intimate parts of a person not married to the actor *for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person* or any contact of the intimate parts of the actor with a person not married to the actor *for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person.*" (Emphasis added.) General Statutes § 53a-65 (3).

Thus, although a defendant may not be convicted under § 53-21 (a) (2) unless the state proves that the contact was made "in a sexual and indecent manner likely to impair the health or morals of such child," there is no such requirement under § 53a-73a (a) (1)

(A). See *State* v. *Stephen O.*, 106 Conn. App. 717, 734, 943 A.2d 477, cert. denied, 287 Conn. 916, 951 A.2d 568 (2008); *State* v. *Ellison*, supra, 79 Conn. App. 602. Similarly, a conviction under General Statutes (Rev. to 2005) § 53a-73a (a) (1) (A) requires proof of two additional facts that § 53-21 (a) (2) does not, namely, that the victim be under the age of fifteen rather than sixteen, and the specific intent requirement that the contact be made for the particular purpose of sexual gratification of the actor. See *State* v. *Stephen O.*, supra, 734; *State* v. *Morris*, supra, 49 Conn. App. 419. Put differently, and contrary to the defendant's assertions, it is possible to commit risk of injury to a child without also committing sexual assault in the fourth degree if, for example, either the contact was with a child between the ages of fifteen and sixteen or was not made for the specific purpose of providing sexual gratification to the perpetrator. By contrast, it is possible to commit sexual assault in the fourth degree without also committing risk of injury to a child if, despite the fact that the perpetrator desired and obtained sexual gratification from the touching, the contact was not made in a manner likely to impair the health or morals of the child.[12]

_____

[12] We recognize that in practice it may be difficult, although not impossible, for the state to prove the specific intent requirement under § 53a-73a (a) (1) (A) without also proving the "sexual and indecent manner likely to impair the health or morals of such child" requirement under § 53-21 (a) (2), and vice versa. We nevertheless conclude that the two elements require proof of different facts, however, because the former focuses solely on the perpetrator's intent or purpose in performing the act, whereas the latter requires proof of a likely psychological or physical impact upon the victim, regardless of whether the perpetrator specifically intended such a result. See *State* v. *Stephen O.*, supra, 106 Conn. App. 734; see also *State* v. *Morris*, supra, 49 Conn. App. 419 ("the element of 'sexual contact,' included within the offense of sexual assault in the fourth degree, is not necessarily equivalent to the touching of the private parts of a child in a 'sexual and indecent manner' . . . prohibited by the risk of injury to a child statute" [citation omitted; internal quotation marks omitted]). In other words, in contrast to the requirements of § 53a-73a (a) (1) (A), "[s]pecific intent is not an element of the crime defined in the second part of § 53-21 . . . . Only an intention to make the bodily movement which constitutes the act which the crime

Accordingly, we conclude that the crimes of risk of injury to a child and sexual assault in the fourth degree do not constitute the same offense under *Blockburger*.[13]

"Our analysis of [the defendant's] double jeopardy [claim] does not end, however, with a comparison of the offenses. The *Blockburger* test is a rule of statutory construction, and because it serves as a means of discerning [legislative] purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." (Internal quotation marks omitted.) *State* v. *Kirsch*, supra, 263 Conn. 421–22. Thus, "the *Blockburger* test creates only a rebuttable presumption of legislative intent, [and] the test is not controlling when a contrary intent is manifest." *State* v. *Hill*, 237 Conn. 81, 101, 675 A.2d 866 (1996). When

requires, which we have referred to as a general intent, is necessary." (Citations omitted; internal quotation marks omitted.) *State* v. *James*, 211 Conn. 555, 586, 560 A.2d 426 (1989); see also *State* v. *Shaw*, 186 Conn. 45, 51, 438 A.2d 872 (1982) (sexual assault in fourth degree requires additional specific intent element that risk of injury to child does not).

[13] Adopting a "concentric circle analysis," the defendant attempts to avoid this conclusion by claiming that it is impossible to commit risk of injury to a child under subdivision (2) of subsection (a) without also committing sexual assault in the fourth degree. Specifically, the defendant contends that the fifteen year age requirement under § 53a-73a (a) (1) (A) is subsumed within the sixteen year age requirement under § 53-21 (a) (2), and that, in any event, the defendant was sentenced on the sexual assault charges under § 53a-73a (b), which increases the penalty for sexual assault in the fourth degree to that of a class D felony if the victim is under *sixteen* years of age. More importantly, despite admitting that sexual assault in the fourth degree requires additional proof of a specific intent that risk of injury to a child does not, the defendant nevertheless inexplicably asserts that the "sexual contact" requirement of sexual assault is somehow subsumed within the "contact with the intimate parts . . . of a child" requirement for risk of injury to a child. The defendant's claim is without merit. Even if we were to assume, without deciding, that the age requirement of § 53a-73a (a) (1) (A) is a subset of § 53-21 (a) (2), and not the other way around, the defendant's double jeopardy claim would still fail the *Blockburger* test because each offense requires proof of a different element that the other does not, namely, a specific intent requirement for sexual assault in the fourth degree and a likely physical or psychological impact on the victim, whether intended or not, for risk of injury to a child. See footnote 12 of this opinion.

the conclusion reached under *Blockburger* is that the two crimes do not constitute the same offense, the burden remains on the defendant to demonstrate a clear legislative intent to the contrary.[14] See *State* v. *Miranda*, 260 Conn. 93, 127, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002); *State* v. *Snook*, supra, 210 Conn. 264; see also *State* v. *Chicano*, 216 Conn. 699, 727, 584 A.2d 425 (1990) (presumption that two crimes constitute separate offenses under *Blockburger* test may be rebutted only by clear indication of contrary legislative intent), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991); *State* v. *Gonzales*, 123 N.M. 337, 342, 940 P.2d 185 (App. 1997) (burden does not shift away from defendant once it is determined that defendant's claim fails *Blockburger* test).

In the present case, the defendant concedes that the legislature intended to create a separate crime from sexual assault in the fourth degree when it amended § 53-21 to include subdivision (2) of subsection (a), at issue here. See *State* v. *Ellison*, supra, 79 Conn. App. 603. The defendant contends, however, that an intention to create a new crime does not necessarily entail an intention to impose an additional conviction and punishment for that offense, in addition to that which could be imposed under separate but related criminal violations arising out of the same conduct. More specifically,

[14] The defendant contends that the burden is on the state to rebut the presumption created under *Blockburger*. The defendant's assertion in this regard, however, is premised on the success of his claim that the crimes involved in this case constitute the same offense under that test. Although we agree that the burden to rebut the presumption would have shifted to the state if the defendant had been successful in the first part of the analysis, we have concluded that risk of injury to a child and sexual assault in the fourth degree do not constitute the same offense under *Blockburger*. Accordingly, the burden remains on the defendant to present evidence of a clear legislative intent to the contrary. See *State* v. *Snook*, supra, 210 Conn. 264.

relying exclusively on two statements made by Representatives Michael P. Lawlor and Dale W. Radcliffe during the debates on the 1995 amendment to § 53-21,[15] the defendant contends that the legislature's intent in amending § 53-21 was to create a specific form of risk of injury to a child as a sex offense, thereby subjecting persons convicted under the amended section to the sex offender registration requirements of General Statutes § 54-250 et seq. The defendant appears to contend further that the sexual nature of § 53-21 (a) (2), being of the same ilk as sexual assault in the fourth degree under § 53a-73a (a) (1) (A), demonstrates a legislative intent to force the state to choose between prosecuting under either § 53-21 (a) (2) or § 53a-73a (a) (1) (A), but not both.[16] We disagree.

[15] Specifically, Representative Lawlor remarked: "Risk of [i]njury under the file copy has been divided into two sections. The first section would be the [nonsexual] assault type of violation of [§] 53-21, if you will. And section two would be the sex offense violation of [§] 53-21 and the prohibition on [accelerated rehabilitation] is only for persons charged under sub[division] [2] of [§] 53-21." 38 H.R. Proc., Pt. 7, 1995 Sess., p. 2606. Similarly, Representative Radcliffe remarked that "[the bill] changes the [r]isk of [i]njury to a [m]inor statute, which has been talked about, divided into two sections because that is the section under which most pedophiles will either be found guilty or will have [pleaded] guilty to an offense. This will clearly indicate that that's to be included in the sexual registration statute." Id., p. 2612.

[16] The defendant also contends that he is relieved of his burden of proof on this issue by virtue of the rule of lenity, which requires that any ambiguity as to whether the legislature intended multiple punishments to be imposed for the defendant's violation of two separate offenses must be resolved in his favor. The defendant's claim is without merit, however, "because a necessary predicate to the application of the rule of lenity is a conclusion that the statute is ambiguous, meaning that it yields more than one reasonable interpretation *after we have applied all of our tools of construction.*" (Emphasis in original.) *In re William D.*, 284 Conn. 305, 320, 933 A.2d 1147 (2007); see also *Albernaz* v. *United States*, 450 U.S. 333, 342, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981) ("Where [the legislature] has manifested its intention, we may not manufacture ambiguity in order to defeat that intent. . . . *Lenity thus serves only as an aid for resolving an ambiguity; it is not to be used to beget one.* The rule comes into operation at the end of the process of construing what [the legislature] has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." [Citation

Although accurate, the defendant's recitation of the remarks of Representatives Lawlor and Radcliffe simply bears no relationship to the question at hand because those statements pertain only to the legislature's intent to classify § 53-21 (a) (2) as a sex crime, without any reference to whether the punishments imposed by that section were intended either to supplement or to supplant the punishments that may be imposed for other crimes also subject to the registration requirements of § 54-250 et seq. The mere classification of an offense as a sex crime does not, without more, indicate a clear legislative intent to prohibit punishment for that crime in addition to punishment for the violation of other sex crime statutes caused by the same conduct. See *State* v. *Stephen O.*, supra, 106 Conn. App. 735–36; *State* v. *Ellison*, supra, 79 Conn. App. 603; see also *State* v. *Hill*, supra, 237 Conn. 100 (when "each of the two charges requires proof of a fact that the other does not, it may be presumed that the legislature did not intend to prohibit multiple punishments for the conduct underlying the two charges"); *State* v. *Chicano*, supra, 216 Conn. 727 ("[i]f each of two offenses requires proof of a fact that the other does not, the *Blockburger* test gives rise to the presumption that the legislature intended multiple punishment for the offenses"). Moreover, the defendant fails to cite to any other statutory language or legislative history evincing a clear legislative intent that §§ 53-21 (a) (2) and 53a-73a (a) (1) (A) be considered the same offense, or that would suggest that the legislature intended to prohibit multiple punishments for conduct that violates both statutes. Accordingly, we conclude that the defendant has failed to meet his burden of rebutting the presumption arising under *Blockburger*,

omitted; emphasis added; internal quotation marks omitted.]). The defendant has failed to demonstrate any ambiguity either in the statutory language or the legislative history of the statutes at issue that would suggest a legislative intent to prohibit multiple punishments for the violation of both statutes. Accordingly, we conclude that the rule of lenity is inapplicable in this case.

and, therefore, that the defendant's double jeopardy claim is without merit.

The judgment is affirmed.

In this opinion the other justices concurred.