STATE OF CONNECTICUT *v.* BRUCE FELDER
(AC 34892)

Gruendel, Bear and Foti, Js.

Argued September 27—officially released November 5, 2013

*Bruce Felder*, self-represented, the appellant (defendant).

*Susan C. Marks*, supervisory assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Thomas R. Garcia*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Bruce Felder, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims that the court erred insofar as it determined that his sentence did not violate the constitutional prohibition against double jeopardy. We affirm the judgment of the trial court.

This court, in a previous appeal, set forth the facts of the underlying criminal case as follows. "On August

16, 2002, Joseph Lewis and Robert Charette, Jr., drove to Hartford in Lewis' 2001 Chevrolet S-10 pickup truck for the purpose of attending an event at the Hartford Civic Center. Once the men arrived in Hartford, they became lost and ended up in the north end of Hartford, where they encountered the defendant while stopped at a traffic light. The defendant pulled Lewis from his vehicle and then took his wallet, money, chain necklace and keys from his person. Charette left the vehicle and fled. The defendant then drove away in the vehicle. Later the next day, the police apprehended the defendant, who was found next to Lewis' vehicle with the keys to the vehicle on his person.

"The defendant was charged in count one with robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), in count two with conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (3) and 53a-48 (a), in count three with larceny in the first degree in violation of [General Statutes] § 53a-122 (a) (3), in count four with larceny in the second degree in violation of [General Statutes] § 53a-123 (a) (3) and in count five with assault in the second degree in violation of General Statutes § 53a-60 (a) (2). After trial, the jury returned a verdict of guilty as to the larceny counts, counts three and four, and not guilty as to counts one, two and five. The court rendered judgment in accordance with the verdict and sentenced the defendant to a total effective term of thirty years incarceration."[1] *State* v. *Felder*, 95 Conn. App. 248, 250–51, 897 A.2d 614, cert. denied, 279 Conn. 905, 901 A.2d 1226 (2006). This court, on grounds unrelated to this appeal, affirmed the judgment of conviction. Id., 263.

---

[1] The trial court sentenced the defendant to twenty years incarceration on count three and ten years, to run consecutively to the twenty year sentence, on count four.

On April 16, 2012, the defendant filed a motion to correct an illegal sentence. In support of the motion, the defendant alleged that his sentence violated the prohibition against double jeopardy because his two larceny convictions "arose out of the same transaction and the same series of events, and included a single victim as to each charged offense." (Emphasis omitted; internal quotation marks omitted.) The court denied the motion on May 15, 2012. In its memorandum of decision, the court stated that "[t]he defendant was convicted of stealing the victim's motor vehicle and stealing the [victim's] wallet. In this court's opinion, those are separate offenses and the court's sentence does not violate the [d]ouble [j]eopardy [c]lause." This appeal followed.

The defendant's sole claim on appeal is that the court improperly denied his motion to correct an illegal sentence. Specifically, the defendant contends that his convictions of larceny in the first degree and larceny in the second degree constituted the same offense and arose out of the same transaction. To the extent he received separate sentences for each offense, the defendant maintains that his sentence violates the constitutional prohibition against double jeopardy. We are not persuaded.

"The defendant's double jeopardy claim presents a question of law, over which our review is plenary." *State* v. *Burnell*, 290 Conn. 634, 642, 966 A.2d 168 (2009). "The fifth amendment to the United States constitution provides in relevant part: No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . . The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment."[2] (Internal quotation marks omitted.) *State* v. *Brown*, 299 Conn. 640, 650–51, 11 A.3d 663 (2011).

---

[2] In his brief, the defendant refers to both the state and federal constitutions but does not specifically identify the basis of his double jeopardy

"Double jeopardy prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense. . . . The double jeopardy analysis in the context of a single trial is a two part process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. . . . The defendant on appeal bears the burden of proving that the prosecutions are for the same offense in law and fact." (Internal quotation marks omitted.) Id., 651–52.

In the present case, the court's denial of the defendant's motion to correct an illegal sentence was predicated on a finding that the charged crimes did not constitute the same offense. Accordingly, the relevant question is whether the charges for first and second degree larceny constitute the same offense.[3] "Traditionally we have applied the [test set out in *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)] to determine whether two statutes criminalize the same offense . . . . Under that test, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . This test is a technical

claim. We review the defendant's claim pursuant to the fifth amendment of the federal constitution because "[t]he protection afforded against double jeopardy under the Connecticut constitution mirrors, rather than exceeds, that which is provided by the constitution of the United States." (Internal quotation marks omitted.) *State* v. *Brown*, 299 Conn. 640, 651, 11 A.3d 663 (2011).

[3] The defendant directs our attention to the fact that both larceny offenses were committed against a single victim, ostensibly in support of his argument that the charges arose from the same transaction. This fact, however, has no bearing on the relevant question of whether the charged crimes constituted the same offense and resulted in multiple punishments for the same crimes.

one and examines only the statutes, charging instruments, and bill of particulars as opposed to the evidence presented at trial. . . . Thus, the issue, though essentially constitutional, becomes one of statutory construction." (Citations omitted; internal quotation marks omitted.) *State* v. *Alvaro F.*, 291 Conn. 1, 7, 966 A.2d 712, cert. denied, 558 U.S. 882, 130 S. Ct. 200, 175 L. Ed. 2d 140 (2009).

In the amended long form information, the defendant was charged, in count three, with larceny in the first degree in violation of General Statutes (Rev. to 2001) § 53a-122 (a) (3) and, in count four, with larceny in the second degree in violation of General Statutes (Rev. to 2001) § 53a-123 (a) (3).[4] To convict the defendant of larceny in the first degree pursuant to § 53a-122 (a) (3), the state had to establish that the defendant, with intent to deprive another of property, wrongfully took, obtained, or withheld such property and "the property consists of a motor vehicle, the value of which exceeds ten thousand dollars . . . ."[5] General Statutes (Rev. to 2001) § 53a-122 (a) (3). On the other hand, to convict the defendant of larceny in the second degree pursuant to § 53a-123 (a) (3), the state had to establish the same elements and that the property, "regardless of its nature or value, [was] taken from the person of another . . . ." General Statutes (Rev. to 2001) § 53a-123 (a) (3). Count three did not require the taking of property from another's person while count four did not require the taking of a motor vehicle with a value in excess of ten thousand dollars. Each charge required proof of a fact that the other did not, and, consequently, the two charges do

---

[4] Unless otherwise indicated, all references to §§ 53a-122 and 53a-123 are to the 2001 revision.

[5] General Statutes § 53a-122 (a) (3) was amended by No. 09-138, § 1, of the 2009 Public Acts to require that the value of the motor vehicle exceed twenty thousand dollars. The defendant committed the crimes of which he was charged in 2002 when § 53a-122 (a) (3) required only the value to exceed ten thousand dollars.

not constitute the same offense.[6] Thus, the defendant's double jeopardy claim must fail. See *State* v. *Brown*, supra, 299 Conn. 654 ("the protections of the double jeopardy clause are violated only when the charged crimes are the same offense *and* arose out of the same transaction" [emphasis in original]). The trial court's denial of the defendant's motion to correct an illegal sentence was not improper.

The judgment is affirmed.

---

[6] The defendant has not apprised this court of contrary legislative intent that would otherwise preclude application of *Blockburger*. See *State* v. *Alvaro F.*, supra, 291 Conn. 12–13 (*Blockburger* test not controlling where contrary legislative intent is established by defendant).

