STATE OF CONNECTICUT *v.* NUNO MIRANDA
(AC 34285)

Bear, Sheldon and Sullivan, Js.

Argued January 10—officially released May 21, 2013

*David V. DeRosa*, for the appellant (defendant).

*Emily Graner Sexton*, special deputy assistant state's attorney, with whom, on the brief, were *Kevin D.*

*Lawlor,* state's attorney, and *Marjorie L. Sozanski,* senior assistant state's attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, Nuno Miranda, pleaded guilty to one count each of strangulation in the second degree in violation of General Statutes § 53a-64bb and unlawful restraint in the first degree in violation of General Statutes § 53a-95, in connection with conduct he engaged in while in the apartment of the victim, his former girlfriend, on the morning of May 9, 2009. Thereafter, the trial court sentenced him on those charges to consecutive terms of four years of incarceration, suspended after two years, with three years of probation, for a total effective sentence of eight years of incarceration, suspended after four years, with three years of probation.

Almost two years after he was sentenced, the defendant filed a motion pursuant to Practice Book § 43-22 to correct what he then claimed for the first time to be an illegal sentence on the two convictions. The defendant's motion was based on two related claims. First, he argued that his separate convictions of and sentences for strangulation in the second degree and unlawful restraint in the first degree violated the express terms of the strangulation statute, § 53a-64bb (b), which provides in relevant part: "No person shall be found guilty of strangulation in the second degree and unlawful restraint or assault *upon the same incident,* but such person may be charged and prosecuted for all three offenses upon the same information. For the purposes of this section, 'unlawful restraint' means a violation of section 53a-95 or 53a-96 . . . ." (Emphasis added.) He alleged that his challenged sentence was illegal because it was improperly imposed on separate convictions for strangulation and unlawful restraint arising from what he claimed to have been "the same incident."

The defendant's second argument is that, by imposing multiple punishments on him for criminal conduct for which state law allows only one conviction and sentence, the court placed him twice in jeopardy for this same offense, in violation of the fifth amendment to the United States constitution, as applied to the states by the due process clause of the fourteenth amendment.

The state opposed the defendant's motion, arguing that in light of the factual basis on which the defendant pleaded guilty to the two charges at issue, each of his pleas and resulting sentences was lawfully based on a separate incident within the meaning of § 53a-64bb. The court agreed with the state and, thus, denied the defendant's motion. This appeal followed.

The issues presented on appeal are those presented to the trial court on the motion to correct.[1] For the following reasons, we affirm the judgment of the trial court.

The following facts, set forth by the prosecutor as the factual basis for the defendant's pleas of guilty to strangulation in the second degree and unlawful restraint in the first degree, are relevant to the claims presented in this appeal. On May 9, 2009, the defendant arrived at the apartment of the victim at approximately 5:30 a.m., and he was visibly intoxicated. He fell asleep. At approximately 8:30 a.m., the victim tried to find the

---

[1] In response to the defendant's claims, the state argues, in part, that the court "lacked jurisdiction to consider the defendant's motion to correct an illegal sentence as exceeding the relevant statutory maximum sentence allowed because the defendant impermissibly attacked his underlying convictions, rather than his sentence or sentencing proceeding, as is required for jurisdiction." On appeal, however, the defendant claims, in part, that his sentence exceeded the statutory maximum allowed because he was sentenced consecutively for each conviction. The defendant's claim, therefore, challenges his total sentence rather than his underlying conviction. Thus, we are not persuaded that the court lacked jurisdiction pursuant to Practice Book § 43-22. See State v. Brown, 133 Conn. App. 140, 147–48, 34 A.3d 1007, cert. granted, 304 Conn. 901, 37 A.3d 745 (2012).

defendant's cell phone so she could call one of his friends to provide him with a ride. Instead, she found the driver's license of another woman in one of his pockets. After she asked him about the license, he yelled, pushed her and hit her in the face. The victim went into a bathroom in her apartment so that she could telephone the police, but the defendant followed her, smashed her phone and did not allow her to leave the bathroom. While she was being confined to the bathroom by the defendant, he sprayed the contents of an aerosol can toward her, and then he ignited the fumes. The victim, however, was not burned. After a period of time elapsed, the victim was able to leave the bathroom and to go to the kitchen in her apartment, where she used another phone to call her brother, who called the police. As the victim was speaking with her brother, the defendant broke several items in the apartment, and then he came into the kitchen, where he struck the victim with a chair. He then grabbed the victim by her throat, lifted her off the floor and began to choke her. The victim could not breathe and became unconscious. The police saw visible marks on her that were consistent with being forcibly choked.

I

The central question presented on this appeal is whether the previously stated facts describe conduct constituting strangulation in the second degree and unlawful restraint in the first degree arising from "the same incident," within the meaning of § 53a-64bb (b). This, in turn, requires us to determine, as a threshold matter, the meaning of "the same incident," which is an undefined statutory term.

We begin by setting forth our well settled standard of review regarding statutory interpretation. "Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process

of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citation omitted; internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008).

"[I]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." (Internal quotation marks omitted.) *State* v. *Sunrise Herbal Remedies, Inc.*, 296 Conn. 556, 568, 2 A.3d 843 (2010). "Where a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries." (Internal quotation marks omitted.) *Southington* v. *State Board of Labor Relations*, 210 Conn. 549, 561, 556 A.2d 166 (1989).

The relevant text of § 53a-64bb, in which the term "the same incident" appears, is as follows: "(a) A person is guilty of strangulation in the second degree when such person restrains another person by the neck or throat with the intent to impede the ability of such other person to breathe or restrict blood circulation of such other person and such person impedes the ability of such other person to breathe or restricts blood circulation of such other person.

"(b) No person shall be found guilty of strangulation in the second degree and unlawful restraint or assault upon the same incident, but such person may be charged and prosecuted for all three offenses upon the same information. For the purposes of this section, 'unlawful restraint' means a violation of section 53a-95 or 53a-96 . . . .

"(c) Strangulation in the second degree is a class D felony."[2]

The manifest purpose of § 53a-64bb, so written, is to make an act of strangulation in the second degree, as defined in subsection (a) of the statute, separately punishable as a class D felony, whether that act, as committed in the circumstances of a given case, also supports a conviction for assault or unlawful restraint in any degree, or both, but not to enhance the punishment for that act beyond the five year maximum for a class D felony even if, as proven, it is also sufficient to constitute assault and/or unlawful restraint. By that logic, the same incident to which the statute refers is an incident of strangulation, necessarily involving restraint of another person by the neck or throat either with the

[2] General Statutes (Rev. to 2009) § 53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (8) for a class D felony, a term not less than one year nor more than five years . . . ."

intent to impede the ability of that person to breathe or to restrict the blood circulation of such other person and which, in fact, either impedes the ability of such other person to breathe or restricts his blood circulation, not an event or course of conduct in which an act of strangulation occurs, but is preceded, followed or even accompanied by other, separate acts of assault or unlawful restraint not based, in whole or in part, upon one or more acts of strangulation.

In this appeal, the question that must be answered in ruling on the defendant's challenge to his sentence is whether the factual basis on which he entered his guilty pleas to strangulation in the second degree and unlawful restraint in the first degree demonstrated conduct by the defendant, wholly separate from his strangulation of the victim in her kitchen on May 9, 2009, that established his guilt of unlawful restraint in the first degree. If there is such conduct, then the defendant's separate convictions and sentences in this case did not violate § 53a-64bb.

The state correctly argues here, as before the trial court, that the defendant's conduct toward the victim in the bathroom of her apartment, before he strangled her in her kitchen, amply established his guilt of unlawful restraint in the first degree on a basis separate from his later act of strangulation. Under Connecticut law, a person is guilty of unlawful restraint in the first degree when "he restrains another person under circumstances which expose such other person to a substantial risk of physical injury." General Statutes § 53a-95. A person "restrains" another person, within the meaning of § 53a-95, when, inter alia, he "restrict[s] a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty . . . by confining him . . . in the place where the restriction commences . . . without consent. . . ." General Statutes § 53a-91 (1). Here, of course, the defendant physi-

cally restrained the victim in the bathroom of her apartment, before strangling her in the kitchen, by forcing her to remain in the bathroom against her will and spraying the contents of an aerosol can toward her while igniting its fumes. By such conduct, the court properly found that he had exposed the victim to the risk of physical injury, defined for this purpose as pain or the impairment of physical condition, and thereby completed the offense of unlawful restraint in the first degree against her.

For the foregoing reasons, we conclude that the trial court did not impose an illegal sentence on the defendant by imposing on him consecutive sentences of four years of incarceration suspended after two years, with three years of probation. The convictions of strangulation in the second degree and unlawful restraint in the first degree did not arise from the same incident in violation of § 53a-64bb.

II

The defendant's separate claim that the trial court violated his fifth and fourteenth amendment right not to be placed twice in jeopardy for the same offense is based, entirely and necessarily, on his claim that we rejected in part I of this opinion. Once it is determined that multiple convictions and sentences challenged on double jeopardy grounds are not, in fact, for the same offense, as the state has defined the offense in question, the federal constitutional inquiry under the double jeopardy clause is at an end.[3] Here, then, because the defendant's state law challenge to his multiple convictions

[3] "In determining whether a defendant has been placed in double jeopardy under the multiple punishments prong, we apply a two step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) State v. Alvaro F., 291 Conn. 1, 6, 966 A.2d 712, cert. denied, 558 U.S. 882, 130 S. Ct. 200, 175 L. Ed. 2d 140 (2009).

and sentences has been rejected, so must his double jeopardy challenge to those convictions and sentences. Accordingly, we conclude that the trial court's judgment must be affirmed.

The judgment is affirmed.

In this opinion the other judges concurred.