******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* NUNO MIRANDA
(SC 19194)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

Argued January 12—officially released February 17, 2015

*David V. DeRosa*, assigned counsel, for the appellant (defendant).

*Emily Graner Sexton*, special deputy assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Marjorie L. Sozanski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Nuno Miranda, pleaded guilty to one count each of strangulation in the second degree in violation of General Statutes § 53a-64bb and unlawful restraint in the first degree in violation of General Statutes § 53a-95. The trial court rendered judgment in accordance with the pleas and sentenced the defendant to consecutive terms of four years of incarceration, suspended after two years, and three years of probation, for a total effective sentence of eight years of incarceration, suspended after four years, and three years of probation. The defendant subsequently filed a motion pursuant to Practice Book § 43-22 to correct an illegal sentence. The defendant argued, inter alia, that his sentence was illegal because it was imposed on separate convictions for what he claimed was "the same incident" and, therefore, it violated the terms of the strangulation statute which provides in relevant part that "[n]o person shall be found guilty of strangulation in the second degree and unlawful restraint or assault upon the same incident . . . ." General Statutes § 53a-64bb (b). The trial court denied the motion, concluding that each of the defendant's pleas and resulting sentences was based on a separate incident within the meaning of § 53a-64bb (b). The defendant then appealed to the Appellate Court, which affirmed the judgment of the trial court. *State* v. *Miranda*, 142 Conn. App. 657, 666, 64 A.3d 1268 (2013). Thereafter, we granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that the sentence imposed by the trial court was not illegal pursuant to . . . § 53a-64bb?" *State* v. *Miranda*, 310 Conn. 902, 75 A.3d 29 (2013).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.