STATE OF CONNECTICUT *v.* JAIME SANTIAGO
(AC 34519)

DiPentima, C. J., and Sheldon and Bishop, Js.

Argued June 3—officially released September 3, 2013

*Jaime C. Santiago*, self-represented, the appellant (defendant).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Maureen Keegan*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Jaime Santiago, appeals following the trial court's initial denial and later dismissal of his motion to correct illegal sentence. On appeal, the defendant claims that the court erred in denying his motion to correct because his convictions for assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and risk of injury to a child in

violation of General Statutes (Rev. to 1997) § 53-21 (1) violated the constitutional prohibition against double jeopardy. We are not persuaded.

The following facts and procedural history are relevant to our disposition of the defendant's claim. In affirming the defendant's conviction on his direct appeal, this court concluded that the jury reasonably could have found the following relevant facts. "During the day, while his wife was at work, the defendant stayed at home and cared for his three month old infant son and four year old daughter. On November 30, 1998, the defendant was the sole attendant and caregiver for his two children. At about 1 p.m., the infant fell from the defendant's lap to the floor. When the defendant picked him up, the infant was crying loudly, his arms and body were shaking and his eyes were rolling. When the baby stopped crying, he became unresponsive and the defendant thought that the infant was dead. The defendant then poured water on him and shook him, after which the baby began kicking and coughing.

"Later that afternoon, the defendant's fifteen year old daughter returned home from school and, when she saw the baby, told the defendant that the baby looked sick and that there was something wrong with his eyes. Although the defendant knew how to reach the infant's physician, he did not seek advice or assistance for the infant until about 6 p.m., when he drove with the infant and his younger daughter to Cheshire to pick up his wife. When his wife saw the baby, she told the defendant to drive immediately to the hospital.

"The defendant and his family arrived at Waterbury Hospital at about 7 p.m., where the baby was found to be struggling to breathe, unresponsive, in distress and in need of intensive care. An examination showed evidence of brain swelling, anoxic brain injury and retinal hemorrhaging. . . .

\* \* \*

"The injuries sustained by the baby were consistent with 'shaken baby syndrome,' and, in fact, that was [the director of the pediatric intensive care unit's] diagnosis of the cause of the injuries. . . . After a trial, the jury convicted the defendant of assault in the first degree in violation of § 53a-59 (a) (3) and risk of injury to a child in violation of § 53-21 (1)." *State* v. *Santiago*, 74 Conn. App. 736, 737–38, 740, 813 A.2d 1068 (2003). The defendant was sentenced to ten years incarceration and ten years special parole on the charge of assault in the first degree. Additionally, the defendant was sentenced to ten years incarceration on the charge of risk of injury to a child. The court ordered that the two sentences be served consecutively, for a total effective sentence of twenty years incarceration and ten years special parole.

On February 10, 2012, the defendant filed a motion to correct illegal sentence pursuant to Practice Book § 43-22, primarily claiming that his consecutive sentences on the two charges of which he was convicted violated his right against double jeopardy under the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. The court, *Damiani, J.*, held a hearing on the motion to correct, at the conclusion of which he denied the motion. In denying the defendant's motion to correct, the court reasoned that double jeopardy was not violated because assault in the first degree and risk of injury are separate crimes with different elements and that the state had proved the elements of both crimes at trial. In further support of its denial, the court stated that the sentence conformed to its original sentencing intent, was not ambiguous and did not exceed relevant statutory limits. On March 7, 2012, the court, sua sponte and without explanation, revoked its prior denial of the motion to correct and dismissed the motion on the ground that it did not have subject matter

jurisdiction to hear the motion to correct.[1] This appeal followed.

Subject matter jurisdiction is a threshold issue and, therefore, before addressing the merits of the defendant's claim, we first determine whether the court properly concluded that it lacked subject matter jurisdiction to hear the defendant's motion to correct. *PHH Mortgage Corp.* v. *Cameron*, 130 Conn. App. 238, 241, 22 A.3d 1282 (2011) ("court must dispose of issues concerning subject matter jurisdiction as threshold matter"). "Whether a court has subject matter jurisdiction is a question of law over which our review is plenary. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . We consider the question of subject matter jurisdiction because, once raised, the question of subject matter jurisdiction must be answered before we can address the other issues raised. . . .

"Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. . . . It is well established that the jurisdiction of a sentencing court terminates once a defendant has begun serving his sentence. . . . [T]herefore, that court may no longer take any action

---

[1] The defendant is a self-represented party. At the hearing on his motion to correct, an attorney from the Office of the Public Defender represented to the court that, upon reviewing the defendant's claim, he found no sound basis for the defendant's motion to correct. "[A] defendant has a right to the appointment of counsel for the purpose of determining whether a defendant who wishes to file [a motion to correct] has a sound basis for doing so. If appointed counsel determines that such a basis exists, the defendant also has the right to the assistance of such counsel for the purpose of preparing and filing such a motion and, thereafter, for the purpose of any direct appeal from the denial of that motion." *State* v. *Casiano*, 282 Conn. 614, 627–28, 922 A.2d 1065 (2007).

affecting a defendant's sentence unless it expressly has been authorized to act. . . . Practice Book § 43-22, which provides the trial court with such authority, provides that [t]he judicial authority may at any time correct an illegal sentence . . . . An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Citations omitted; internal quotation marks omitted.) *State* v. *Delgado*, 116 Conn. App. 434, 437–38, 975 A.2d 736 (2009). "[A] challenge to the legality of a sentence focuses not on what transpired during the trial or on the underlying conviction. In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." (Internal quotation marks omitted.) *State* v. *Wright*, 107 Conn. App. 152, 156–57, 944 A.2d 991, cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008).

As noted previously, the defendant filed his motion to correct an illegal sentence primarily on the ground that the sentences imposed violated his right against double jeopardy. A violation of a defendant's right against double jeopardy is one of the permissible grounds on which to challenge the legality of a sentence. See *State* v. *Delgado*, supra, 116 Conn. App. 438. The state posits that the court had subject matter jurisdiction to address the merits of the defendant's claim because his motion to correct claimed that his sentences violated double jeopardy. We agree with the state that the defendant's claim challenges his consecutive sentences for assault in the first degree and risk of injury to a child as violating his right against double jeopardy. Thus, the defendant's challenge is based on a lawful ground for challenging his sentence as illegal

and, for that reason, the court had subject matter jurisdiction to hear the defendant's motion to correct. We conclude, therefore, that the court's dismissal of the defendant's motion to correct was in error.

Having resolved the threshold jurisdictional question, we turn to the merits of the argument presented on appeal. The defendant claims that the court erroneously denied his motion to correct because his convictions for assault in the first degree and risk of injury to a child violate his right against double jeopardy. "Ordinarily, a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . In the present case, however, the defendant's claim presents a question of statutory interpretation over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *State* v. *Tabone*, 279 Conn. 527, 534, 902 A.2d 1058 (2006). "In undertaking this interpretation, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 355–56, 63 A.3d 940 (2013).

"Double jeopardy attaches where multiple punishments are imposed for the same offense in a single trial. . . . The question to be resolved is whether the two

offenses charged are actually one. It must be determined, by an examination of the statutes, the information, and the bill of particulars, if any, and exclusive of the evidence introduced, whether proof of the violation of one statute requires proof of the violation of the other statute. If the elements of the greater offense include all of the elements of the lesser offense, then double jeopardy attaches. . . . [T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." (Citations omitted; internal quotation marks omitted.) *State* v. *DeMatteo*, 13 Conn. App. 596, 602, 538 A.2d 1068 (1988).

General Statutes (Rev. to 1997) § 53-21[2] provided, in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony."

Section 53a-59 provides in relevant part: "(a) A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . . (b) Assault in the first degree is a class B felony provided . . . (2) person found guilty under subsection (a) shall be sentenced to a term of imprisonment of which ten years of the sentence imposed may not be suspended or reduced by the court if the victim of the offense is a person under ten years of age . . . ."

[2] All references in this opinion to General Statutes § 53-21 are to the 1997 revision of the statute.

It is clear from the plain language of the relevant portions of §§ 53-21 (1) and 53a-59 (a) (3) that each offense requires proof of a fact which the other does not. To satisfy the elements of § 53a-59 (a) (3), the state had to prove that the defendant, in a reckless state of mind, engaged in conduct that created a risk of death to another person—his son. To satisfy the elements of § 53-21 (1), the state had to prove that the defendant engaged in any act likely to impair the health of his son and that his son was under the age of sixteen. Section 53-21 (1) does not require the state to prove that the defendant had a specific mental state when he engaged in the prohibited conduct, whereas § 53a-59 (a) (3) requires the state to prove that the defendant had a reckless state of mind when he engaged in the prohibited conduct. Additionally, § 53a-59 (a) (3) requires the defendant to achieve a specific result—the defendant must have caused serious physical injury to his son. Section 53-21 (1) does not require the defendant to achieve any result beyond engaging in the prohibited conduct; the state can satisfy the elements of § 53-21 (1) by proving that the situation at issue would *likely* impair the health of the child, not that the situation *in fact* impaired the health of the child. Furthermore, the state is required to prove that the child has not reached the age of sixteen to satisfy § 53-21 (1). Section 53a-59 (a) (3), however, does not require the state to prove the child's age.[3] We conclude that assault in the first degree is a conceptually separate and distinct offense from risk of injury to a child. See also *State* v. *Miranda,*

---

[3] The relevant language of § 53a-59 remains unchanged since before the defendant's conviction in 1997. Section 53a-59 (b) requires the state to prove that the alleged victim had not reached ten years of age for the sentencing court to impose a mandatory minimum sentence of ten years. We acknowledge the United States Supreme Court's recent decision holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne* v. *United States,*    U.S.    , 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013).

260 Conn. 93, 126–27, 794 A.2d 506 (concluding that assault in the first degree and risk of injury to a child are separate and distinct offense for double jeopardy purposes), cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002).

Additionally, the defendant challenges the legality of his sentence by arguing that the imposition of consecutive sentences violated General Statutes §§ 53a-37, 53-21 and 53a-59 (a) (3). "When multiple sentences of imprisonment are imposed on a person at the same time . . . the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other . . . ."[4] General Statutes § 53a-37. "When two separate statutory offenses are charged, one not being a lesser included offense of the other, and cumulative punishment is authorized by the legislature, cumulative punishments may be imposed at the conclusion of a single trial regardless of whether the acts of the defendant are divisible, as long as they are part of the same transaction." *State* v. *Gilchrist*, 24 Conn. App. 624, 630, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991). The law is clear that

[4] General Statutes § 53a-37 provides: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

§ 53a-37 allows trial courts to impose consecutive sentences for multiple offenses.[5]

Accordingly, the defendant's convictions for both offenses were not constitutionally defective and the separate consecutive sentences for these offenses were proper.

The form of judgment is improper, the judgment of dismissal is reversed and the case is remanded with direction to reinstate the judgment denying the defendant's motion to correct an illegal sentence.

In this opinion the other judges concurred.

---

[5] The defendant also claims that the trial court misled him into believing that the court would rule in his favor by reading a portion of his brief aloud and thanking the defendant for his effort. The defendant, however, does not argue that he suffered prejudice from this claimed error. We decline, therefore, to consider the defendant's claim.