******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* FRANK MCGEE
## (AC 38771)

DiPentima, C. J., and Sheldon and Bishop, Js.

*Syllabus*

The defendant, who had been convicted of, inter alia, two counts of the crime of robbery in the second degree, appealed to this court from the judgment of the trial court dismissing his motion to correct an illegal sentence. He claimed that his constitutional right against double jeopardy was violated as a result of the imposition of separate sentences on the two counts of robbery in the second degree, each of which was prosecuted in connection with the robbery of a single victim, but under a different subdivision of the statute ([Rev. to 2007] § 53a-135 [a] [1] and [2]) governing robbery in the second degree. *Held* that the defendant's sentences on two separate counts of robbery in the second degree in connection with a single robbery did not violate his constitutional right against double jeopardy: although the defendant's conviction of the two counts arose out of the same act or transaction, each robbery offense required proof of a fact that the other did not, as the state, to satisfy the elements of subdivision (1) of § 53a-135 (a), was required to prove that, while committing a robbery, the defendant was aided by another person actually present at the time, whereas, to satisfy the elements of subdivision (2) of § 53a-135 (a), the state had to prove that, in the course of the commission of a robbery, the defendant or another participant in the crime displayed or threatened the use of what he represented by his words or conduct to be a deadly weapon, and § 53a-135 contained no language indicating the legislature's intent to bar multiple punishments for perpetrators of robbery in the second degree who, in committing such offenses, violate multiple subdivisions of that statute, the defendant did not direct this court to any evidence of such a legislative intent, and because his claim that the two sentences that were imposed for one incident of robbery in the second degree was a procedurally proper double jeopardy claim over which the trial court had jurisdiction on a motion to correct, the court should have denied, rather than dismissed, the defendant's motion to correct an illegal sentence.

(*One judge dissenting*)

Argued January 19—officially released August 15, 2017

*Procedural History*

Substitute information charging the defendant with two counts of the crime of robbery in the second degree, and with the crimes of larceny in the second degree, conspiracy to commit robbery in the second degree, sexual assault in the third degree, sexual assault in the fourth degree and breach of the peace in the second degree, brought to the Superior Court in the judicial district of Waterbury and tried to the jury before *Miano, J.*; verdict and judgment of guilty of two counts of robbery in the second degree, and one count each of conspiracy to commit robbery in the second degree, sexual assault in the fourth degree and breach of the peace in the second degree, from which the defendant appealed to this court, which affirmed the judgment of the trial court; thereafter, the Supreme Court denied the defendant's petition for certification to appeal; subsequently, the court, *Fasano, J.*, dismissed the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Improper form of judgment; judgment directed.*

*Stephanie L. Evans*, assigned counsel, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Cynthia S. Serafini*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SHELDON, J. The defendant, Frank McGee, appeals following the trial court's dismissal of his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly rejected his claim that the imposition of separate sentences upon him on two counts of robbery in the second degree, each prosecuted in connection with the robbery of a single victim, but under a different subdivision of the second degree robbery statute, General Statutes (Rev. to 2007) § 53a-135 (a), violated his constitutional right against double jeopardy. We are not persuaded.

The following factual background and procedural history are relevant to our consideration of the defendant's claim on appeal. The defendant was charged in a seven count substitute information as follows: in count one, with larceny in the second degree in violation of General Statutes § 53a-123 (a) (3); in count two, with robbery in the second degree in violation of § 53a-135 (a) (1); in count three, with robbery in the second degree in violation of § 53a-135 (a) (2); in count four, with conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-48 (a) and 53a-135 (a) (2); in count five, with sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A); in count six, with sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2); and in count seven, with breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (3).[1]

Following a jury trial, the defendant was found guilty on both counts of robbery in the second degree and on the separate counts charging him with conspiracy to commit robbery in the second degree, sexual assault in the fourth degree, and breach of the peace in the second degree. He was acquitted on the individual counts charging him with larceny in the second degree and sexual assault in the third degree. Thereafter, on July 8, 2008, the defendant was sentenced as follows: on each count of robbery in the second degree, to a term of ten years of incarceration, to run concurrently with his other sentence for second degree robbery; on the count of conspiracy to commit robbery in the second degree, to a term of ten years of incarceration, to run consecutively to his sentences for second degree robbery; and on the counts of sexual assault in the fourth degree and breach of the peace in the second degree, to terms of one year of incarceration and six months of incarceration, respectively, to run concurrently with his sentence for conspiracy to commit second degree robbery, for a total effective sentence of twenty years of incarceration. The defendant's convictions were affirmed by this court on direct appeal. *State v. McGee*, 124 Conn. App. 261, 4 A.3d 837, cert. denied, 299 Conn. 911, 10 A.3d 529 (2010), cert. denied, 563 U.S. 945, 131 S. Ct. 2114, 179 L. Ed. 2d 908 (2011).

In its opinion on direct appeal, this court summarized the facts underlying the defendant's convictions as follows: "At approximately 1 a.m. on March 23, 2007, the victims, D and T, were on Pine Street in Waterbury, where they purchased a small amount of cocaine from an unidentified individual. Soon thereafter, a silver Lexus, driven by the defendant, pulled up to the victims. When the victims started to drive away in D's car, the defendant continued to follow them closely until D pulled over and the victims got out of the car. The defendant began asking D and T if they wanted to 'get shot.' The defendant reached into his car, took out a case and told D and T that he had something for them. D and T both testified that they assumed that there was a gun in the black case. The defendant started going through D's pockets and found $6, which he took from him. The defendant then searched T for cocaine by placing his hands on different parts of her body. He lifted up her shirt and began touching T's breasts roughly under her bra, which later caused bruising to that area. D went to his home, two houses away, and called 911. Police officers arrived and found a car matching the description given by D on Congress Avenue. D and T went to Congress Avenue and positively identified the defendant and the other occupants of his car, who were arrested." (Footnote omitted.) Id., 263–64.

On July 5, 2015, seven years after his sentencing, the defendant, acting on his own behalf, filed a motion to correct an illegal sentence. In his motion, the defendant alleged that "the imposition of sentences for both robbery convictions violates the multiple punishment prohibition of the double jeopardy clause of the fifth amendment to the United States constitution because both convictions [on the two separate (subdivisions) of § 53a-135 (a)] relate to one robbery."[2] The defendant argued, in his motion to correct, that the two subdivisions of the robbery in the second degree statute under which he was charged and convicted were alternative ways of committing a single criminal offense, and thus that his "right against double jeopardy [was] violated *when he was sentenced* for two counts of robbery in the second degree in this case."[3] (Emphasis added.)

Subsequently, under the procedure prescribed by *State* v. *Casiano*, 282 Conn. 614, 627, 922 A.2d 1065 (2007),[4] a public defender appointed by the court conducted a preliminary analysis of the defendant's double jeopardy claim and concluded, under the test enunciated in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932),[5] that there was a sound basis for that claim, and thus that counsel should be appointed to represent the defendant on his motion to correct. Counsel concluded her analysis as follows: "[B]ecause the defendant was convicted and sentenced [for] two robberies that arose out of the same act, the

defendant's right to be free from double jeopardy was violated when he was convicted and sentenced [for] two counts of robbery. As a result, the court must vacate one of the robbery convictions and sentences."

After counsel was appointed, the court conducted a hearing on the merits of the defendant's motion to correct. Thereafter, by memorandum of decision filed October 7, 2015, the trial court dismissed the defendant's motion on the ground that the defendant's convictions on two counts of robbery in the second degree did not violate his right against double jeopardy because the defendant's conduct in committing the robbery in question constituted two separate criminal offenses. In reaching this determination, the court expressly relied on *Blockburger* v. *United States*, supra, 284 U.S. 299, as applied by this court in *State* v. *Underwood*, 142 Conn. App. 666, 64 A.3d 1274, cert. denied, 310 Conn. 927, 78 A.3d 146 (2013), in which we determined that imposing separate sentences for attempted robbery in the first degree in connection with a single attempted robbery, based on separate charges brought under different subdivisions of the attempt and first degree robbery statutes, General Statutes §§ 53a-49 and 53a-134, did not violate the defendant's double jeopardy rights. Id., 683. This appeal followed.

Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Our Supreme Court has stated that an "illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 156, 913 A.2d 428 (2007).[6]

"Ordinarily, a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . In the present case, however, the defendant's claim presents a question of statutory interpretation over which our review is plenary." (Citations omitted.) *State* v. *Tabone*, 279 Conn. 527, 534, 902 A.2d 1058 (2006). "In undertaking this interpretation, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield

absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 355–56, 63 A.3d 940 (2013).

"Double jeopardy attaches where multiple punishments are imposed for the same offense in a single trial. . . . The question to be resolved is whether the two offenses charged are actually one." (Internal quotation marks omitted.) *State* v. *Santiago*, 145 Conn. App. 374, 380–81, 74 A.3d 571, cert. denied, 310 Conn. 942, 79 A.3d 893 (2013). "Traditionally we have applied the [test set out in *Blockburger* v. *United States*, supra, 284 U.S. 304] to determine whether two statutes criminalize the same offense. . . . Under that test, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . This test is a technical one and examines only the statutes, charging instruments, and bill of particulars as opposed to the evidence presented at trial. . . . Thus, [t]he issue, though essentially constitutional, becomes one of statutory construction." (Citations omitted; internal quotation marks omitted.) *State* v. *Alvaro F.*, 291 Conn. 1, 7, 966 A.2d 712, cert. denied, 558 U.S. 882, 130 S. Ct. 200, 175 L. Ed. 2d 140 (2009).

"Our analysis of [the defendant's] double jeopardy [claim] does not end, however, with a comparison of the offenses. The *Blockburger* test is a rule of statutory construction, and because it serves as a means of discerning [legislative] purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent. . . . Thus, the *Blockburger* test creates only a rebuttable presumption of legislative intent, [and] the test is not controlling when a contrary intent is manifest. . . . When the conclusion reached under *Blockburger* is that the two crimes do not constitute the same offense, the burden remains on the defendant to demonstrate a clear legislative intent to the contrary." (Citations omitted; internal quotation marks omitted.) Id., 12–13.

In this case, the state agrees that the first prong of *Blockburger* is satisfied because the defendant's conviction of two counts of robbery in the second degree arose out of the same act or transaction, the robbery of D. The state claims, however, that the defendant's claim fails under the second prong of *Blockburger* because each robbery offense charged in the information, of which the defendant was convicted, requires proof of a fact the other does not. We agree.[7]

In considering the defendant's double jeopardy challenge, we are guided by *State* v. *Underwood*, supra, 142 Conn. App. 666, wherein this court rejected the defendant's claim that two convictions for attempt to commit robbery in the first degree, arising out of a

single act or transaction against a single victim, under two subdivisions of General Statutes § 53a-134 (a), the first degree robbery statute, violated his right against double jeopardy. The court reasoned: "To convict the defendant of attempt to commit robbery in the first degree under §§ 53a-49 (a) (2) and 53a-134 (a) (1), the state was required to prove, as alleged in count three of the information, that the defendant possessed the requisite mental state and took a substantial step toward committing first degree robbery, and that he or another, during the attempted robbery or flight therefrom, '[c]ause[d] serious physical injury' to a nonparticipant in the crime. To convict the defendant of attempt to commit robbery in the first degree under §§ 53a-49 (a) (2) and 53a-134 (a) (2), the state was required to prove, as alleged in count one of the information, that the defendant possessed the requisite mental state and took a substantial step toward committing first degree robbery, and that he or another, during the attempted robbery or flight therefrom, was 'armed with a deadly weapon . . . .' Count three did not require the defendant to use a deadly weapon to cause serious physical injury, and count one did not require that serious physical injury was caused by the defendant being armed with a deadly weapon. Because each of the charged offenses requires proof of an element the other does not, the charges against and subsequent conviction of the defendant of two counts of attempted first degree robbery did not violate the defendant's right not to be placed twice in jeopardy for the same offense pursuant to the *Blockburger* test." Id., 683–84.

Similarly, it is clear from the plain language of the relevant portions of § 53a-135 (a) (1) and (2), as charged in this case, that each offense requires proof of a fact which the other does not. To satisfy the elements of § 53a-135 (a) (1), the state was required to prove that, while committing a robbery in violation of General Statutes § 53a-133, the defendant was aided by another person actually present at the time. To convict the defendant under § 53a-135 (a) (2), by contrast, the state was required to prove that, in the course of commission of a robbery in violation of § 53a-133, he or another participant in the crime displayed or threatened the use of what he represented by his words or conduct to be a deadly weapon. Because each of these statutory subdivisions requires proof of different facts—subsection (a) (1) requiring proof that the defendant was aided by another person actually present, but not that he or another participant displayed or threatened the use of what he represented by his words or conduct to be a deadly weapon, and subsection (a) (2) requiring proof that the defendant or another participant in the robbery displayed or threatened the use of what he represented by his words or conduct to be a deadly weapon, but not that he was aided by another person actually present—they are two separate offenses. Moreover, § 53a-

135 contains no language indicating the legislature's intent to bar multiple punishments for the perpetrators of single second degree robberies who, in committing such offenses, violate multiple subdivisions of the second degree robbery statute, and the defendant has failed to direct this court to any evidence of such a legislative intent.

On the basis of the foregoing, we conclude that the defendant was properly sentenced on two separate counts of robbery in the second degree in connection with the robbery he committed on March 23, 2007, without violating his constitutional right against double jeopardy. Because, however, the defendant's claim that the two sentences were imposed upon him for one second degree robbery was a procedurally proper double jeopardy claim over which the court had jurisdiction on a motion to correct, the court should have denied, rather than dismissed, his motion to correct. See *State* v. *Santiago*, supra, 145 Conn. App. 379–80.

The form of judgment is improper, the judgment of dismissal is reversed and the case is remanded with direction to deny the defendant's motion to correct an illegal sentence.

In this opinion DiPENTIMA, C. J., concurred.

[1] The information in this case makes it clear that the two robbery offenses with which the defendant was charged were based upon different conduct allegedly undertaken by the defendant. The state charged that the defendant committed robbery while aided by another person actually present, in violation of § 53a-135 (a) (1), and that, during the robbery, he displayed or threatened the use of what he represented by his conduct to be a deadly weapon, in violation of § 53a-135 (a) (2). Thus, each robbery conviction related to a specific and separate subdivision of § 53a-135, the statute defining robbery in the second degree.

[2] General Statutes (Rev. to 2007) § 53a-135 (a) provides: "A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133 and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

[3] We note that the defendant did not claim any error associated with his underlying convictions—either in the state's multiplicitous information charging him with violating two separate subdivisions of the second degree robbery statute or the jury's guilty verdicts on both subdivisions. He asserts no claim of error as to any of the proceedings at trial that resulted in the jury's guilty verdicts. Rather, he claimed that, *at sentencing*, the court should have vacated one of those convictions and sentenced him only on the one remaining conviction. See *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013).

[4] In *Casiano*, our Supreme Court concluded "that a defendant has a right to the appointment of counsel for the purpose of determining whether a defendant who wishes to file [a motion to correct an illegal sentence] has a sound basis for doing so. If appointed counsel determines that such a basis exists, the defendant also has the right to the assistance of such counsel for the purpose of preparing and filing such a motion and, thereafter, for the purpose of any direct appeal from the denial of that motion." *State* v. *Casiano*, supra, 282 Conn. 627–28.

[5] The Supreme Court in *Blockburger* stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States*, supra, 284 U.S. 304. Courts utilize the *Blockburger* test to analyze the second part of a two step process to deter-

mine whether a defendant's protection against double jeopardy has been violated. *State* v. *Alvaro F.*, 291 Conn. 1, 6–7, 966 A.2d 712, cert. denied, 558 U.S. 882, 130 S. Ct. 200, 175 L. Ed. 2d 140 (2009). Our Supreme Court in *Alvaro F.* stated: "In determining whether a defendant has been placed in double jeopardy under the multiple punishments prong, we apply a two step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. . . . Traditionally, we have applied the [test set out in *Blockburger* v. *United States*, [supra, 304] to determine whether two statutes criminalize the same offense . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Alvaro F.*, supra, 6–7.

[6] Our dissenting colleague suggests, in an analysis he first proposed at oral argument on this appeal, that the trial court lacked subject matter jurisdiction over the defendant's motion to correct because the claim therein presented constituted an unlawful collateral attack on his second robbery conviction rather than a lawful double jeopardy challenge to the sentence imposed on that conviction. When the state and the defense were given the opportunity to brief this jurisdictional issue after oral argument, they disagreed with our colleague's analysis, concluding in simultaneous supplemental briefs that the defendant's motion to correct, regardless of its substantive merits, raised a procedurally proper double jeopardy challenge to his multiple sentences for robbery in the second degree rather than an improper collateral attack on one of his second degree robbery convictions. For the following reasons, we agree with the parties that the trial court had jurisdiction over the defendant's motion to correct.

In support of his analysis, our colleague relies heavily on two decisions from this court, neither of which involved a double jeopardy claim that was based upon the imposition of two sentences for one criminal act. Both cases, instead, involve claims mislabeled as double jeopardy claims, which actually challenged the legality of the guilty verdicts upon which sentences were imposed and judgments of conviction were rendered rather than multiple sentences imposed upon lawful verdicts that were based upon conduct claimed to constitute a single criminal offense. In *State* v. *Wright*, 107 Conn. App. 152, 944 A.2d 991, cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008), for example, the defendant claimed that the sentence imposed upon him as an accessory to murder was illegal because he was never charged as an accessory. That claim, though styled a double jeopardy claim, was actually based upon the defendant's contention that he could not be found guilty of a crime with which he had not properly been charged. As this court held, "the defendant's claim, by its very nature, presupposes an invalid conviction." Id., 157. The court in *Wright* thus concluded that the defendant's motion to correct his sentence constituted an improper collateral attack on his conviction.

Similarly, in *State* v. *Starks*, 121 Conn. App. 581, 997 A.2d 546 (2010), upon which the dissent also relies, this court concluded that, in challenging the legality of his sentence, the defendant was actually "attacking the validity of his conviction by challenging the sufficiency of the evidence with regard to [his conviction]." Id., 590. On that basis, the court in *Starks* court, like the court in *Wright*, concluded that the defendant's motion to correct constituted an improper collateral attack on his conviction.

Both *Wright* and *Starks* are thus readily distinguishable from the instant case because they both involved challenges to the proceedings that underlay their guilty verdicts. The defendant in *Wright* challenged the adequacy of the state's information upon which his judgment of conviction was based, and the defendant in *Starks* challenged the sufficiency of the evidence upon which his conviction was based.

Here, by contrast, the defendant has not challenged, in any way, the validity of his convictions for robbery in the second degree or of the guilty verdicts upon which they rest. He has not claimed any infirmity with the state's information; he has not advanced any claims of insufficiency with respect to the state's evidence against him, or of evidentiary error, instructional error, prosecutorial impropriety, or any other type of error upon which the legality of trial proceedings or of the verdicts and judgments they result in are routinely challenged. Rather, he claimed that, at sentencing, the court should have vacated one of his two second degree robbery convictions and sentenced him only on one of those convictions. See *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013).

[7] We agree with the dissent that a motion to correct an illegal sentence on grounds of double jeopardy must claim error in the imposition of multiple

sentences for a single criminal offense, not error in the trial proceedings leading up to the guilty verdicts upon which those sentences were imposed. There are times, however, when a challenged sentence is so intertwined with a conviction resulting from imposition of that sentence that the vacation of the sentence requires the vacation of the judgment of conviction as well. That occurs, for example, where a defendant is found guilty on more than one count of a multicount information, each of which charges him with the same criminal offense, based upon the same act or course of conduct, but under a discrete and different theory of liability. There is, of course, nothing wrong with charging a defendant with a single criminal offense in multiple counts, each based upon a discrete and different theory of liability, nor is there anything wrong with taking a separate guilty verdict on each such count. An error arises, however, when separate sentences are imposed on the defendant on two or more of those separate verdicts, for such multiple sentences constitute multiple punishments for a single criminal offense. That is precisely the circumstance that gave rise to the defendant's procedurally proper motion to correct in this case.

———————————————