54 SEPTEMBER, 2021 338 Conn. 54

State *v.* Smith

## STATE OF CONNECTICUT *v.* JEFFREY SMITH
### (SC 20187)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Kahn, Ecker and Vertefeuille, Js.*

*Syllabus*

Pursuant to this court's decision in *State* v. *Polanco* (308 Conn. 242), the
proper remedy for a double jeopardy violation arising out of cumulative
convictions is to vacate one of the convictions rather than merging them.
The defendant, who had been convicted of felony murder and manslaughter
in the first degree, among other crimes, appealed from the trial court's
denial of his motion to correct an illegal sentence. The sentencing court
had merged the defendant's felony murder and manslaughter convictions
and sentenced him to sixty years' incarceration in connection with
the felony murder conviction. In his motion to correct, the defendant
claimed, inter alia, that the constitutional prohibition against double
jeopardy was violated because, under *Polanco*, which was decided after
the defendant was convicted, the sentencing court had incorrectly
merged the felony murder and manslaughter convictions instead of
vacating the manslaughter conviction. The trial court denied the defen-
dant's motion to correct, concluding that the rule announced in *Polanco*
did not apply retroactively to the defendant's case because this court
decided *Polanco* pursuant to its supervisory authority over the adminis-
tration of justice. The Appellate Court affirmed the trial court's denial of
the motion to correct, and the defendant, on the granting of certification,
appealed to this court. *Held* that the Appellate Court improperly affirmed
the trial court's denial of the defendant's motion to correct an illegal
sentence because the trial court should have dismissed that motion for
lack of subject matter jurisdiction rather than having denied it: the
defendant did not claim that his sentence was affected in any manner
by the allegedly cumulative convictions, the sentencing court did not
impose any sentence on the merged manslaughter conviction, and the
only remedy that the defendant sought, namely, vacatur of the man-
slaughter conviction, would have had no effect on the length, computa-
tion or structure of his sentence; accordingly, because the defendant
did not allege that the purported double jeopardy violation had any
impact on his sentence, he sought to modify his conviction and not his
sentence, and the trial court, therefore, lacked jurisdiction to entertain
his motion to correct.

Argued May 1, 2020—officially released February 11, 2021**

* The listing of justices reflects their seniority status on this court as of
the date of oral argument.

** February 11, 2021, the date that this decision was released as a slip
opinion, is the operative date for all substantive and procedural purposes.

State *v.* Smith

*Procedural History*

Substitute information charging the defendant with two counts of the crime of kidnapping in the first degree, and with one count each of the crimes of capital felony, murder, felony murder and robbery in the first degree, brought to the Superior Court in the judicial district of New London and tried to the jury before *Schimelman, J.*; verdict and judgment of guilty of two counts of kidnapping in the first degree, and of one count each of felony murder, robbery in the first degree and the lesser included offense of manslaughter in the first degree; thereafter, the court, *Strackbein, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court; subsequently, the case was transferred to the Appellate Court, *DiPentima, C. J.*, and *Lavine* and *Bishop, Js.*, which affirmed the trial court's denial of the motion to correct, and the defendant, on the granting of certification, appealed to this court. *Reversed*; *judgment directed.*

*Adele V. Patterson*, senior assistant public defender, for the appellant (defendant).

*Melissa Patterson*, senior assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, former state's attorney, for the appellee (state).

*Opinion*

VERTEFEUILLE, J. The dispositive issue in this appeal is whether the trial court had subject matter jurisdiction to entertain a motion to correct an illegal sentence when the defendant, Jeffrey Smith, claimed that the sentencing court improperly failed to follow *State* v. *Polanco*, 308 Conn. 242, 255, 61 A.3d 1084 (2013), in which this court exercised its supervisory power to hold that the proper remedy for cumulative convictions that violate the double jeopardy clause is to vacate one of the convictions. In 2005, the defendant was con-

State *v.* Smith

victed, after a jury trial, of felony murder and manslaughter in the first degree, among other crimes. The trial court, *Schimelman, J.*, merged the conviction for manslaughter with the felony murder conviction and sentenced the defendant to sixty years in prison on the felony murder charge. In 2015, the defendant filed a motion to correct an illegal sentence in which he contended that the sentence was illegal under the *Polanco* supervisory rule because the court merged the convictions instead of vacating the conviction on the manslaughter charge. The trial court, *Strackbein, J.*, concluded that, because *Polanco* was decided pursuant to this court's supervisory authority, it did not apply retroactively. Accordingly, the trial court denied the defendant's motion. The defendant appealed, and the Appellate Court affirmed the judgment of the trial court. See *State* v. *Smith*, 180 Conn. App. 371, 384, 184 A.3d 831 (2018). We then granted the defendant's petition for certification to appeal to this court, limited to the following issue: "Does this court's holding in *State* v. *Polanco*, [supra, 255], readopting vacatur as a remedy for a cumulative conviction that violates double jeopardy protections, apply retroactively?" *State* v. *Smith*, 330 Conn. 908, 193 A.3d 559 (2018).[1] In its brief to this court, the state claims for the first time that the trial court lacked subject matter jurisdiction to entertain the defendant's motion to correct an illegal sentence because the motion sought only to modify the defendant's conviction, not his sentence. We agree with the

[1] After oral argument before this court, we ordered the parties to submit supplemental briefs on the following question: "Is this court's holding pursuant to its supervisory authority in *State* v. *Polanco*, [supra, 308 Conn. 255], that vacatur is the proper remedy for a cumulative conviction that violates double jeopardy protections, as that holding was expanded and clarified by this court's decision in *State* v. *Miranda*, 317 Conn. 741, 120 A.3d 490 (2015), constitutionally mandated under the double jeopardy clause of the United States constitution or is merger of the cumulative convictions a constitutionally permissible remedy?" Because we conclude that the trial court lacked jurisdiction over the defendant's motion to correct an illegal sentence, we need not address this question.

State *v.* Smith

state's jurisdictional claim, and, accordingly, we conclude that the form of the Appellate Court's judgment affirming the judgment of the trial court was improper. We reverse the judgment of the Appellate Court and remand the case to that court with direction to remand the case to the trial court with direction to dismiss the defendant's motion to correct an illegal sentence.

The record reveals the following facts, which were found by the trial court, and procedural history. In 2001, the defendant was charged with capital felony in violation of General Statutes (Rev. to 1997) § 53a-54b (5), murder in violation of General Statutes (Rev. to 1997) § 53a-54a, felony murder in violation of General Statutes (Rev. to 1997) § 53a-54c, two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (B), and robbery in the first degree in violation of General Statutes § 53a-134 (a) (1), in connection with the August, 1998 death of James Connor. The jury returned a verdict of guilty on the felony murder charge, the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55, both kidnapping counts and the robbery count. The defendant was found not guilty of the charges of capital felony and murder.

Thereafter, the trial court, *Schimelman, J.*, merged the manslaughter conviction with the felony murder conviction and sentenced the defendant to sixty years in prison on the felony murder conviction. The court also sentenced the defendant to twenty-five years on each kidnapping count and twenty years on the robbery count, all concurrent with each other but consecutive to the felony murder sentence. The total effective sentence was eighty-five years imprisonment.

On August 6, 2015, the defendant, representing himself,[2] filed a motion to correct an illegal sentence pursu-

___

[2] The Office of the Public Defender filed a report determining that the petitioner's claims were without merit and requested permission to withdraw

State *v.* Smith

ant to Practice Book § 43-22. Thereafter, he filed an amended motion. The defendant claimed, among other things, that the sentencing court had incorrectly merged the convictions of manslaughter and felony murder because, under *State* v. *Polanco*, supra, 308 Conn. 242, and *State* v. *Miranda*, 317 Conn. 741, 120 A.3d 490 (2015), the court should have vacated the manslaughter conviction. Although the precise nature of the defendant's claim was somewhat unclear, he also contended that this sentencing procedure violated his double jeopardy rights. The state contended that, because the holding of this court in *State* v. *Polanco*, supra, 255, that vacatur is the proper remedy for a cumulative conviction that violates double jeopardy protections was based on the court's supervisory authority, the holding was not retroactive. The trial court, *Strackbein, J.*, agreed with the state and, after rejecting the defendant's other claims, denied his motion to correct.[3] The defendant, still representing himself, appealed, and the Appellate Court affirmed the judgment of the trial court. *State* v. *Smith*, supra, 180 Conn. App. 373, 384.

This certified appeal followed. The defendant, now represented by counsel, claims that, although the holding of *State* v. *Polanco*, supra, 308 Conn. 255, was decided pursuant to this court's exercise of its supervisory authority, public policy militates in favor of applying the *Polanco* supervisory rule retroactively to cases that were final before the case was decided. The state contends that, to the contrary, there is no reason to create an exception for this court's holding in *Polanco* to the general rule that a supervisory rule does not

from representing the defendant in connection with his motion to correct an illegal sentence. The court granted the request, and, thereafter, the defendant represented himself. See *State* v. *Casiano*, 282 Conn. 614, 627–28, 922 A.2d 1065 (2007); see also *State* v. *Francis*, 322 Conn. 247, 267–68, 140 A.3d 927 (2016).

[3] All subsequent references to the trial court in this opinion are to Judge Strackbein.

State *v.* Smith

apply to cases in which the judgment was final before
the rule was adopted. The state also contends that the
trial court lacked jurisdiction over the defendant's
motion to correct because the defendant sought only
to modify his conviction, not his sentence. Although
the state raises this claim for the first time in its brief
to this court, it is well established that a jurisdictional
claim may be raised at any time. See, e.g., *Waterbury*
v. *Washington*, 260 Conn. 506, 527, 800 A.2d 1102 (2002).
We agree with the state's unpreserved jurisdictional
claim and, therefore, conclude that the trial court
should have dismissed the defendant's motion to cor-
rect an illegal sentence.

We begin with a review of the legal principles govern-
ing motions to correct an illegal sentence. Practice
Book § 43-22 provides in relevant part that "[t]he judi-
cial authority may at any time correct an illegal sentence
or other illegal disposition, or it may correct a sentence
imposed in an illegal manner . . . ." "It is well estab-
lished that under the common law a trial court has
the discretionary power to modify or vacate a criminal
judgment [only] before the sentence has been executed.
. . . This is so because the court loses jurisdiction over
the case when the defendant is committed to the cus-
tody of the [C]ommissioner of [C]orrection and begins
serving the sentence. . . . Without a legislative or con-
stitutional grant of continuing jurisdiction . . . the
trial court lacks jurisdiction to modify its judgment."
(Internal quotation marks omitted.) *State* v. *Evans*, 329
Conn. 770, 778, 189 A.3d 1184 (2018), cert. denied,
U.S. , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019).

"Because the judiciary cannot confer jurisdiction on
itself through its own rule-making power, [Practice
Book] § 43-22 is limited by the common-law rule that
a trial court may not modify a sentence if the sentence
was valid and its execution has begun. . . . Therefore,
for the trial court to have jurisdiction to consider the

State *v.* Smith

defendant's claim of an illegal sentence, the claim must fall into one of the categories of claims that, under the common law, the court has jurisdiction to review.'' (Internal quotation marks omitted.) Id., 778–79.

''[A]n illegal sentence is essentially one [that] . . . exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . In accordance with this summary, Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable.'' (Internal quotation marks omitted.) Id., 779.

This court has recognized that ''a claim is cognizable in a motion to correct an illegal sentence if it is a challenge specifically directed to the punishment imposed, even if relief for that illegal punishment requires the court to in some way modify the underlying convictions, such as for double jeopardy challenges.'' Id., 781. In support of this proposition, we cited *State* v. *Cator*, 256 Conn. 785, 804–805, 781 A.2d 285 (2001). In *Cator*, ''[t]he trial court found the defendant guilty of murder and felony murder and initially sentenced him to a total effective sentence of fifty-five years, suspended after fifty years, with a five year period of probation at the conclusion of that sentence. Later, pursuant to the state's motion to correct the sentence, the trial court merged the defendant's [cumulative] convictions for murder . . . and felony murder and imposed a total effective sentence of fifty years without a period of

State *v.* Smith

probation.'' Id., 803. This court rejected the defendant's claim that the trial court lacked jurisdiction to entertain the state's motion to correct an illegal sentence "because otherwise the constitutional prohibition against double jeopardy would have been violated.'' Id., 804–805.

Similarly, in *State* v. *McGee*, 175 Conn. App. 566, 570–71, 573–74 n.6, 168 A.3d 495, cert. denied, 327 Conn. 970, 173 A.3d 953 (2017), the Appellate Court concluded that the trial court had jurisdiction to entertain a motion to correct an illegal sentence when the defendant alleged that the sentencing court had imposed concurrent sentences for convictions that were cumulative, in violation of double jeopardy principles. The court observed that "the defendant [had] not challenged, in any way, the validity of his convictions . . . or of the guilty verdicts upon which they rest. He [had] not claimed any infirmity with the state's information; he [had] not advanced any claims of insufficiency with respect to the state's evidence against him, or of evidentiary error, instructional error, prosecutorial impropriety, or any other type of error upon which the legality of trial proceedings or of the verdicts and judgments they result in are routinely challenged. Rather, he claimed that, at sentencing, the court should have vacated one of his two [cumulative] convictions and sentenced him only on one of those convictions.'' Id., 574 n.6

We note that Judge Bishop authored a dissenting opinion in *McGee* in which he argued that allowing an attack on a conviction "through the guise of a Practice Book § 43-22 motion, nominally assailing a sentence . . . vitiate[s] the limited purpose of § 43-22, and unreasonably expand[s] the court's postconviction jurisdiction beyond its common-law bounds.'' Id., 595 (*Bishop, J.*, dissenting). Judge Bishop observed that there is conflicting case law on the question of whether a claimed double jeopardy violation involving cumulative convic-

State *v.* Smith

tions can provide a proper basis for a motion to correct an illegal sentence. Id., 588–94 (*Bishop, J.*, dissenting).[4]

In *State* v. *Evans*, supra, 329 Conn. 781 n.13, we acknowledged Judge Bishop's concerns regarding the confusion in our case law on the question of the trial court's jurisdiction to entertain a motion to correct an illegal sentence when the motion only nominally attacks the sentence. We further acknowledged that this confusion "is particularly acute with respect to the second category of illegal sentences, namely, double jeopardy violations for multiple punishments, which by definition challenge convictions rather than the sentences for those convictions." Id. We concluded, however, that the trial courts may rely on "the presumption in favor of jurisdiction in cases in which the defendant has made

---

[4] Specifically, Judge Bishop compared *State* v. *Wright*, 107 Conn. App. 152, 156–57, 944 A.2d 991 (trial court did not have jurisdiction to entertain motion to correct illegal sentence alleging that defendant's conviction as accessory to murder after being " 'acquitted' " as principal to murder violated double jeopardy clause because "the defendant's claim, by its very nature, presuppose[d] an invalid conviction," not any illegality in sentence), cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008), with *State* v. *Cator*, supra, 256 Conn. 803–804 (trial court had jurisdiction to entertain defendant's motion to correct illegal sentence claiming that his convictions and sentences for both murder and felony murder violated double jeopardy clause), and *State* v. *Santiago*, 145 Conn. App. 374, 379–80, 74 A.3d 571 (trial court had jurisdiction to entertain defendant's motion to correct illegal sentence alleging that convictions of both assault in first degree and risk of injury to child, and imposition of consecutive sentences for those convictions, violated double jeopardy clause), cert. denied, 310 Conn. 942, 79 A.3d 893 (2013). See *State* v. *McGee*, supra, 175 Conn. App. 588–94 (*Bishop, J.*, dissenting).

The majority in *McGee* concluded that *Wright* was distinguishable because the defendant in that case "claimed that the sentence imposed [on] him as an accessory to murder was illegal because he was never charged as an accessory. That claim, [although] styled [as] a double jeopardy claim, was actually based [on] the defendant's contention that he could not be found guilty of a crime with which he had not properly been charged." Id., 573 n.6; see also *State* v. *Wright*, supra, 107 Conn. App. 157 (concluding that defendant had no colorable double jeopardy claim). Thus, *Wright* "involved [a challenge] to the proceedings that underlay [the] guilty [verdict]," not a challenge to the legality of the sentence. *State* v. *McGee*, supra, 175 Conn. App. 574 n.6.

State *v.* Smith

a colorable—however doubtful—claim of illegality affecting the *sentence*, rather than the underlying conviction.'' (Emphasis in original.) Id. We also cited the Appellate Court's majority opinion in *McGee* with approval in *Evans*. See id., 781–82. It is therefore clear that, under *Evans*, when cumulative convictions affect a *sentence* in any manner, the trial court has jurisdiction to entertain a motion to correct an illegal sentence.

In the present case, the state relies on a number of federal cases holding that a claim that a sentence violated the United States Supreme Court's holding in *Rutledge* v. *United States*, 517 U.S. 292, 301–303, 306–307, 116 S. Ct 1241, 134 L. Ed. 2d 419 (1996), that the imposition of concurrent sentences for cumulative convictions violates double jeopardy principles because the existence of the cumulative conviction itself may give rise to collateral consequences, cannot be raised by way of a motion to correct an illegal sentence under federal law because such a claim attacks the underlying conviction. See *United States* v. *Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States* v. *Canino*, 212 F.3d 383, 384 (7th Cir. 2000). These cases take the approach advocated by Judge Bishop in his dissenting opinion in *McGee* but are inconsistent with this court's holding in *Evans* that the trial courts may presume jurisdiction over a motion to correct an illegal sentence when the challenged action has affected the sentence in any manner, even if the remedy will require modifying the judgment of conviction. We need not consider here whether *Evans* and *McGee* were incorrectly decided under state law, however, because, even if, contrary to the state's suggestion, they were correctly decided, the defendant has not claimed that his *sentence* was affected *in any manner* by the allegedly cumulative convictions. No sentence was imposed on the defendant's merged manslaughter conviction, and it is undisputed that the only remedy sought by the defendant, namely, vacatur of

State *v.* Smith

that conviction, will have no effect on the length, computation or structure of his sentence. The defendant has not cited, and our research has not revealed, any case in which this court or the Appellate Court has held that trial courts have jurisdiction to correct an illegal sentence under Practice Book § 43-22 when the alleged double jeopardy violation had no impact whatsoever on the sentence imposed.[5] We conclude, therefore, that the trial court lacked jurisdiction to entertain the defendant's motion to correct an illegal sentence.

The defendant contends that the state's position that he must raise his *Polanco* claim in a habeas proceeding is inconsistent with this court's holding in *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 779 A.2d 80 (2001), that, "before seeking to correct an illegal sentence in the habeas court, a defendant either must raise the issue on direct appeal or file a motion pursuant to [Practice Book] § 43-22 with the trial court." Id., 38. We disagree. *Cobham* sheds no light whatsoever on the scope of the trial courts' jurisdiction to entertain a motion to correct an illegal sentence, which is the issue before us. Having concluded that the trial court lacked jurisdiction over the defendant's § 43-22 motion because there was no illegal sentence for the court to correct, we conclude that *Cobham* simply does not apply. We note, however, that the cause and prejudice standard that we applied to the petitioner's claim in *Cobham*; see id., 39–40 (petitioner who failed to seek to correct

---

[5] We note that, at oral argument before this court, the state effectively abandoned its jurisdictional claim when it conceded that, if this court were to conclude that the trial court's failure to apply *Polanco*'s supervisory rule to the defendant's convictions constituted a double jeopardy violation, the trial court would have jurisdiction to entertain the defendant's motion to correct an illegal sentence. We have concluded, however, that the state is not correct on this point, and it is well settled that "[t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." (Internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002).

338 Conn. 54        SEPTEMBER, 2021        65

State *v.* Smith

illegal sentence pursuant to § 43-22 before filing petition for writ of habeas corpus was required to demonstrate good cause for his failure to do so and actual prejudice from claimed impropriety); is the same standard that applies to habeas claims challenging a *conviction* on grounds that the petitioner did not raise at trial or on direct appeal. See id., 40. To the extent that the defendant contends that he should not have to satisfy this standard before he can seek a modification of his *convictions* pursuant to the *Polanco* supervisory rule in a habeas proceeding, we reject any such claim as being completely unsupported.[6]

As we have indicated, the Appellate Court affirmed the judgment of the trial court denying the defendant's motion to correct an illegal sentence on the merits. Accordingly, we reverse the judgment of the Appellate Court, as that court should have concluded that the form of the trial court's judgment was improper and remanded the case to the trial court with direction to dismiss the motion.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court with direction to dismiss the defendant's motion to correct an illegal sentence.

In this opinion the other justices concurred.

_____

[6] We, of course, express no opinion on the question of whether the defendant could meet this standard or prevail on his claim that the trial court improperly had failed to apply the *Polanco* supervisory rule retroactively in a habeas proceeding.